## Clear Fork Coal Co. v. Carter et al.

April 28, 1950.

Robert L. Maddox, Judge.

Sampson & Sampson and James Sampson for appellant.

James W. Smith for appellees.

CLAY, COMMISSIONER—Reversing.

This is a workmen's compensation case. Counsel for both parties have engaged in a great deal of shadow boxing concerning the facts and the issues, but our review of the record indicates a single question of law is presented.

In 1947 appellee, a coal miner, sustained an accidental injury arising out of and in the course of his employment with appellant. In his application for compensation he claimed an injury to his right knee and leg. Subsequently he amended his application and alleged additional injuries to his hip, body, back, internal organs and nervous system. The referee and the Board found that appellee was totally and permanently disabled, but each determined that part of the disability was due to a pre-existing condition for which compensation could not be allowed. The Board found as a fact that "at least 50 percent of the man's present disability is due to a pre-existing condition." Both parties must accept this finding of fact as there was substantial evidence to support it.

KRS 342.110 fixes the rate of compensation for "permanent partial disability," and KRS 342.095 fixes

the rate for "total disability." The issue in the case is which of these two statutes controls the award.

KRS 342.110, effective as of the date of injury, fixed a limit for permanent partial disability at $12 per week, multiplied by the percentage of disability caused by the injury, not to exceed 420 weeks. The Board awarded $9 a week, apparently under this statute. This appears to have been a miscalculation since 50 percent of $12 would be $6 per week, not $9.

The lower Court further confused the award by allowing $9 per week, not for a maximum of 420 weeks, but for ten years, which is the period provided under the total disability statute, KRS 342.095.

We must start over. Appellee, though totally and permanently disabled, suffered only 50 percent of this disability because of the injury which authorizes an award of compensation. Appellee contends that because of his actual present condition, disregarding the injury, he must be compensated under the total disability statute, KRS 342.095. On the other hand, appellant insists that appellee suffered only a permanent partial disability *as the result of his injury,* and therefore KRS 342.110 governs.

The total disability statute, KRS 342.095, is applicable only: "When the injury causes total disability for work * * *." The Board has found, and appellee does not appeal from this finding, that the *injury* did *not* cause total disability. It is clear that KRS 342.110, in providing for compensation for "permanent partial disability" means permanent partial disability caused by a compensable injury. Since that is what we have here, this statute must control.

The above conclusion is inescapable when we consider the language used in the two statutes, and when we particularly observe that the total disability statute does not make allowance for any disability caused by a pre-existing condition, whereas, the partial disability statute specifically provides for taking into account "any previous disability." The same construction we have placed on the statutes has heretofore been adopted in the cases of United States Coal & Coke Co. v. Jones, 261 Ky. 235, 87 S. W. 2d 366, and Starks Realty Co. v. French et al., 267 Ky. 255, 101 S. W. 2d 946.

Appellee has asked us to set out in the opinion explicitly what compensation he is entitled to receive under our decision. On the basis of the Board's finding, it is this: $6 per week for a period not exceeding 334 weeks. This period is fixed by taking the maximum of 420 weeks and deducting therefrom 86 weeks for which temporary total disability payments have already been made.

The judgment is reversed for further proceedings consistent with this opinion.