James R. YOCOM, Commissioner of Labor, etc., Appellant,

v.

Henry B. LAYNE et al., Appellees.

Supreme Court of Kentucky.

June 10, 1977.

Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

C. Kilmer Combs, Kelsey E. Friend Law Firm, John H. Baird, Baird & Baird, Pikeville, for appellees.

STERNBERG, Justice.

This appeal brings in issue the proper application of the apportionment statute of the Workmen's Compensation laws. KRS 342.120.

On July 19, 1972, Henry B. Layne sustained a work-related injury. He had been working for the T. E. Rogers and Son trucking company since July 1, 1951, and had been a truck driver for about 35 years. It is stipulated that the wages of Layne were sufficient to justify his receiving the maximum award, if any. The only question raised on this appeal is the formula to be used in the computation of the amount of money due under the award of the Board.

The Board found, and it is not contested, that:

1. Layne is permanently totally disabled;

2. Prior to the injury Layne had a noncompensable disability;

3. Layne's injury of July 19, 1972, independently would not have produced his entire disability but only contributed 35% to the result;

4. The preexisting noncompensable disability contributed 30% to the total disability; and

5. The extent of the disability remaining, after deducting the portion attributable solely to the July, 1972 injury and the portion which is noncompensable, is 35%.

For the period of time with which we are presently concerned, the maximum payment for permanent total disability was $60 per week and the maximum payment for permanent partial disability was $54 per week.

Since claimant is a person mentioned in KRS 342.120(1), his compensation benefits are determined pursuant to the provisions of subsections (3) and (4) thereof.

In a December 8, 1975, award the Board established the liability of the employer by multiplying the maximum recovery for permanent partial disability ($54) by the percentage of occupational disability attributable to the July, 1972 injury (35%), thus fixing the employer's liability at $18.90 per week. The liability of the Special Fund was arrived at by multiplying the maximum recovery for permanent total disability ($60) by the percentage of occupational disability remaining after deducting the portion of disability attributable solely to the 1972 injury (35%) and the portion which is noncompensable (30%), which resulted in 35% occupational disability, thereby establishing a base of $21 per week. To this basic sum of $21 the Board added the difference between 35% permanent partial disability ($18.90) and 35% total disability ($21), which is $2.10, thus fixing the Special Fund's total liability at $23.10. Petitions for reconsideration were filed with the Board by both the claimant and the Special Fund. Claimant's petition was sustained, and on January 5, 1976, an amended award by the Board was issued. In the amended award the Board did not change the liability of the employer. It did, however, increase the liability of the Special Fund from $23.10 per week to $24.90 per week. This increased liability was arrived at by taking the 35% permanent partial disability of $18.90 per week and adding to it the difference between the maximum recovery for permanent total disability ($60) and the maximum recovery for permanent partial disability ($54), or $6, thus arriving at a new computation and fixing the liability of the Special Fund at $24.90 per week.

The Special Fund appealed to the Pike Circuit Court, where the action of the Board was adopted. Hence, this appeal by the Special Fund.

The formula set out in *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971), adequately lays down the ground rules for the resolution of this controversy.

Although this court, on many occasions, has considered the application of the apportionment statute and has been confronted with the formula which the Board has followed, we have never been called upon to apply the facts to the formula. This, we shall do. Both the claimant and the employer are satisfied with the award and the method by which it was arrived at. The Special Fund, however, argues that its liability, as well as the liability of the employer, should be 35% of permanent total disability.

■ The employer is liable only for the degree of disability which would have resulted from the July 19, 1972, injury, had there been no preexisting disability. This subsequent injury contributed only partially to the employee's total disability. Therefore, since the subsequent injury contributed only 35% to the total disability, the employer is liable only for 35% of the maximum payment for permanent partial disability of $54 per week, or $18.90 per week.

■ Next, we consider the noncompensable disability that existed prior to the July, 1972 injury. This was found to be 30%. This noncompensable injury, as did the injury of July 19, 1972, contributed only partially to the total disability. Therefore, since the preexisting, noncompensable injury contributed only 30% to the total disability, the noncompensable exclusion is 30% of $54 per week, or $16.20 per week.

■ We now turn our attention to the liability of the Special Fund. After considering the liability of the employer and the noncompensable disability, the remaining compensation to which claimant is entitled is the liability of the Special Fund. This figure is arrived at by adding the liability of the employer, $18.90 per week, to the noncompensable amount, $16.20 per week, and subtracting the result of $35.10 from the maximum payment for permanent total disability of $60 per week, for an award against the Special Fund of $24.90 per week. The sum total of the liability of the employer and the Special Fund and the

noncompensable disability must amount to $60 per week. This, it does.

■ We are fully cognizant of the fact that in those instances where an injured employee had a prior noncompensable injury and the sum total of the current injury, together with the preexisting, noncompensable portion, is *less than total permanent*, the liability of the employer and the noncompensable exclusion and the liability of the Special Fund will be computed by using this same formula, except that the sum total of all of the awards must equal only the maximum award for permanent partial disability.

The order of the Workmen's Compensation Board of January 5, 1976, correctly fixed the liability of the parties and the circuit court properly adopted the awards.

The judgment is affirmed.

All concur.