RIVER COAL COMPANY, INC., Movant,

v.

Eugene MULLINS et al., Respondents.

and

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Movant,

v.

Eugene MULLINS et al., Respondents,

and

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Movant,

v.

Robert Arthur BURTON et al., Respondents.

Supreme Court of Kentucky.

Nov. 20, 1979.

Rehearing Denied April 1, 1980.

J. W. Craft, Jr., Richard C. Ward, Randall Scott May, Craft, Barret, Haynes & Ward, Hazard, for movant River Coal Co., Inc.

H. Garland Wells, Hazard, John Riehl, Jr., Dept. of Labor, Louisville and Stephen A. Burnham and Gemma Harding, Louisville, Kenneth Hollis, Dept. of Labor, Frankfort, for respondents Eugene Mullins, et al.

Gemma M. Harding, John Riehl, Jr., Dept. of Labor, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for movant James R. Yocom, et al.

H. Garland Wells, Hazard, Richard C. Ward and Randall Scott May, J. W. Craft, Jr., Hazard, Donald Campbell, Director, Workmen's Compensation Bd., Frankfort, for respondents Eugene Mullins, et al.

John Riehl, Jr., Gemma M. Harding, Dept. of Labor, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for movant James R. Yocom and Special Fund.

Julian R. Gabbard, Lexington, for Robert Burton.

William R. Garner and W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, for Smith's Trans. Corp. and Transport Ins. Co.

Donald Campbell, Director, Frankfort, for Workmen's Compensation Bd.

LUKOWSKY, Justice.

The issue to be determined is the proper method of apportioning workers' compensation payments among the interested parties when a dormant disease or condition is aroused into disabling reality by injury or occupational disease and no prior active disabling disease or injury is involved.

*Eugene Mullins*

Average weekly wage, $333.50.

Statutory percentage, 62½%.

Percentage of disability, 60%.

Percentage of disability attributable to subsequent injury alone, 30%.

Percentage of disability attributable to arousal of dormant nondisabling condition, 30%.

Statutory maximum award, $84 per week.

### Robert Arthur Burton

Average weekly wage, $268.

Statutory percentage, 57½%.

Percentage of disability, 50%.

Percentage of disability attributable to subsequent injury alone, 30%.

Percentage of disability attributable to arousal of dormant nondisabling condition, 20%.

Statutory maximum award, $88 per week.

*Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277, 281 (1978), teaches that the first computation to be made is the amount to which the claimant is entitled by the whole of his disability. To do this it is necessary to employ the methodology of KRS 342.730(1)(b). The formula is: average weekly wage times the statutory percentage times the percent disability figure. The result will then be reduced to the statutory maximum award permitted by KRS 342.740 if it exceeds that figure. These cases produce the following computations:

*Mullins*: $335.50 × .625 × .60 = 125.06 which is then reduced to the statutory maximum of $84.

*Burton*: $268 × .575 × .50 = 77.05. Because the statutory maximum of $88 is not exceeded there is no adjustment.

*Finn*, supra, at 281 further mandates: "If apportionment is required by operation of KRS 342.120, the formulas provided therein are then applied to the total amount therefore determined to give effect, in terms of dollar amounts payable or nonpayable, to the apportionment between the interested parties, the employer, the employee, and the Special Fund. This procedure gives effect to the exclu-

sion language of KRS 342.120(4). It also has the effect of maintaining responsibility for payment of dollar amounts in the same proportions among the various elements and with the same relationship to the total award as the proportionate responsibility for the total resultant disability was determined to be by the evidence."

There is a significant difference between the position of Mullins and Burton and that of Finn. The exclusion language of KRS 342.120(4) is not called into play because neither suffered from a prior active disabling disease or injury. Consequently, the injured employee is not required to absorb any part of the amount to which he is entitled by the whole of his disability.

The question has now become how the amount due for the whole of disability shall be apportioned between the employer and the special fund. That is to say, should the employer be required to pay the result of multiplication of the amount due by the percentage of disability assigned to him and the Special Fund the balance, or should the employer and the Special Fund each be required to pay a share of the whole award based upon the ratio that their assigned percentages of disability bear to each other?

In our view the latter approach is the proper one because it is mandated by the language quoted from Finn and because it is in harmony with the concept articulated in KRS 342.120(5) adopted at the 1978 session of the General Assembly. The result is that the:

*Mullins* award should be apportioned on a one to one ratio ($42 per week employer and $42 per week Special Fund), and the

*Burton* award should be apportioned on a three to two ratio ($46.23 per week employer and $30.82 per week Special Fund).

The decisions of the Court of Appeals are affirmed and the causes are remanded to the respective Circuit Courts for the entry of judgments consistent herewith.

All concur except PALMORE, C. J., who dissents for reasons articulated in his dis-

sent in *Pennington v. Winburn*, Ky., 537 S.W.2d 167 (1976) and his concurring opinion in *Finn*, supra.