**SOVEREIGN COAL CORPORATION, Appellant,**

v.

**Denton ADKINS; Thelma L. Stovall, Commissioner of Labor (Special Fund); and Workers' Compensation Board, Appellees.**

**Thelma L. STOVALL, Commissioner of Labor (Special Fund), Appellant,**

v.

**SOVEREIGN COAL COMPANY; Denton Adkins; and Workers' Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 5, 1985.

John V. Porter, Wells, Porter, Schmitt & Walker, Paintsville, for Sovereign Coal Corp.

Joseph W. Justice, Pikeville, for Denton Adkins.

Douglas A. U'Sellis, Dept. of Labor, Louisville, for Thelma L. Stovall.

Before CLAYTON, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

These appeals are from an order of the Pike Circuit Court, affirming an award by the Workers' Compensation Board to the appellee Denton Adkins. Both his former employer (the Sovereign Coal Corporation) and the Special Fund have appealed from this order.

Mr. Adkins's claim was for disability which he allegedly sustained due to a work-related back injury on January 8, 1981, and pneumoconiosis, which same date was the last date of his exposure to coal dust. The Board found that he had fifty-percent permanent occupational disability caused by the back injury and its arousal of a preexisting condition. The Board apportioned the liability for payment of income benefits one half each to the employer and to the Special Fund. It also found that he had fifty-percent permanent occupational disability due to pneumoconiosis and apportioned the liability for payment of income benefits seventy-five percent to the Special Fund and twenty-five percent to the employer. The Board ordered that the income benefits be paid for so long as Mr. Adkins remained disabled. The Special Fund petitioned for reconsideration of the order on the ground that Mr. Adkins had been found to have suffered two separate permanent partial disabilities so that pursuant to KRS 342.730(1)(b) the maximum period for which he is entitled to receive income benefits is 425 weeks.

The petition for reconsideration was denied, and on appeal to the Pike Circuit Court, that court affirmed the Board's order holding that by inference the Board "intended to award the Respondent, Denton Adkins, an Award of 100% total disability based on the combined effects of the injury and occupational claims."

We agree with the circuit court that through its award and subsequent denial of the petition to reconsider, the Board, implicitly if not explicitly, found that Mr. Adkins was totally disabled and that fifty percent of his disability was due to his back injury and its arousal of a dormant preexisting condition, while the remaining fifty percent was due to pneumoconiosis. We also agree with the circuit court that this case involves an injury and an occupational disease which on the same date combined to render the claimant totally disabled. The award, then, was properly made under KRS 342.730(1)(a) which deals with "total disability" rather than under subsection (1)(b) of that statute which deals with "permanent, partial disability."

Clear Fork Coal Co. v. Carter, 312 Ky. 710, 229 S.W.2d 482 (1950), does not offer authority for a contrary result. That case involved the interpretation of the former KRS 342.095 which at the time did not permit a preexisting condition to be taken into account in determining whether a claimant could recover an award for total disability. The Board had erroneously found the claimant to be totally disabled due to his immediate injury combined with a fifty-percent disability from a preexisting condition.

The employer argues that even if the award was correctly made for total disability, the Special Fund should be made to pay all income benefits due after 425 weeks of disability have elapsed. The Special Fund maintains that this question cannot be presented to this Court because it was not raised in the circuit court. The employer's petition to the circuit court alleged that the Board's award was "not in conformity to the provisions of Chapter 342," and that court's order specifically recites that this

question was presented to it. No objection was made to the court's consideration of this question. We believe that it is now properly before us.

 The employer insists that under KRS 342.120(4) it is only liable to pay for the degree of disability caused by the back injury alone without regard to the arousal of the dormant condition. As the back injury in and of itself would have resulted in nothing more than partial disability, the argument is that under KRS 342.730(1)(b), the employer's liability for payment ceases after 425 weeks. In support of this argument, *Yocom v. Layne*, Ky., 553 S.W.2d 52 (1977), is cited. In that case, the Supreme Court held in part that where a "subsequent injury" caused only thirty-five percent of a claimant's total disability, the employer could be held liable for "only 35% of the maximum payment for permanent partial disability." *Id.* at 54. The employer takes the same stance with respect to the partial disability caused by pneumoconiosis. The Special Fund takes the position that this holding of *Layne* was implicitly repudiated by *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978). In that case, the Supreme Court, emphasizing the different functions served by KRS 342.730 and 342.120, employed a different methodology for computing the liability of the employer and of the Special Fund from that which it had used in *Layne* the year before, although it should be noted that the governing statutes in the two cases were somewhat different. At the time that the total disability occurred in *Layne*, the maximum weekly benefit for permanent partial disability was less than that for total disability, while at the time that the total disability occurred in *Finn*, the maximum weekly benefits were the same. As a consequence, the *Finn* Court did not need to discuss this aspect of *Layne*.

We would have little difficulty in resolving this question if it were governed by the present version of KRS 342.120, which at subsection (4) makes the employer liable to pay "a percentage of the *full income* benefits awarded ... equal to the *percentage* of disability which would have resulted from the latter injury or occupational disease." (Emphasis added.) Plainly, under the present statute the employer is made liable to pay benefits based upon a percentage of a total rather than a partial disability. This is borne out by the language found in subsection (6)(a) and (b) that deals with which party is actually to pay the weekly benefits awarded and for what period of time. If an employer could only be liable for the payment of partial disability benefits in an apportionment situation, subsection (6)(b) would serve no purpose.

In 1981, KRS 342.120(3) made an employer liable "only for the degree of disability which would have resulted from the latter injury." This was the same statutory language which applied in both *Layne* and *Finn*. Nevertheless, we conclude that we are bound by the method of computation set out in *Finn* and reiterated in *River Coal Co. v. Mullins*, Ky., 594 S.W.2d 875 (1980), which held that the former case mandated that "the employer and the Special Fund [should] each be required to pay a share of the whole award based upon the ratio that their assigned percentages of disability bear to each other[.]" *Id.* at 876.

The order of the circuit court is affirmed.

All concur.