## BROWNIES CREEK COLLIERIES, Appellant,

v.

Charles LINGAR; Larry D. Beale, Director of the Special Fund; Ronald L. McDermott, Administrative Law Judge; and Commonwealth of Kentucky Workers' Compensation Board, Appellees.

No. 90-CA-23-WC.

Court of Appeals of Kentucky.

Aug. 24, 1990.

James D. Holliday, Teresa G.C. Reed, Gullett, Combs, Holliday & Branham, Hazard, Paul E. Jones, Baird & Baird, Pikeville, David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellant.

Dennis L. Nagle, Cole, Cole & Anderson, Barbourville, for appellee, Lingar.

Cathy Utley Costelle, Louisville, for appellee, Special Fund.

Before HOWERTON, C.J. and HOWARD and McDONALD, JJ.

HOWERTON, Chief Judge.

Brownies Creek Collieries appeals from an opinion of the Workers' Compensation Board, affirming in part and reversing in part the order of the administrative law judge. The Board concluded that the administrative law judge was correct when he determined that the 50 percent occupational disability from a back injury and the 50 percent occupational disability from pneumoconiosis merge to create a 100 percent occupational disability. Brownies Creek argues that percentages of partial occupational disability should not merge to create a finding of total occupational disability. While this may be true when the fact finder determines that the combined occupational disability is less than the total sum of the partial disabilities, such is not this situation. We affirm.

Lingar sustained a back injury while working for Brownies Creek in 1983. He had back surgery and returned to work, but was laid off in late 1985. Lingar filed a claim for the back injury and pneumoconiosis. The ALJ found Lingar to be 50 percent occupationally disabled due to the injury and 60 percent disabled due to pneumoconiosis. The injury award was for 425 weeks, calculated pursuant to KRS 342.-730(1)(b). The award for the pneumoconiosis was for so long as Lingar was disabled, and it was calculated at 60 percent pursuant to KRS 342.730(1)(a).

Lingar filed a petition for reconsideration. The ALJ sustained the petition and increased the award on the injury claim to lifetime benefits at the 1983 rate for total permanent disability and reduced the benefits payable on the pneumoconiosis claim to 50 percent of the 1985 total disability benefit rates.

Brownies Creek then filed a motion to reconsider claiming the ALJ erred in awarding total disability benefits for a period from July 14, 1985, to November 27, 1985, and in not awarding benefits on both the injury and disease claims for a maximum of 425 weeks at permanent partial disability rates. The ALJ denied the motion. Brownies Creek appealed to the Board concerning the period of time in 1985 during which Lingar worked. It also argued that the awards for the injury with partial disability and the occupational disease with partial disability should not be merged so as to result in 100 percent total permanent disability. The Board found that Lingar was employed on a full-time basis during the July to November 1985 period and therefore could not be totally occupationally disabled and remanded that part of the claim to the ALJ. The Board affirmed the ALJ on the 100 percent disability award by stating, "It was correct for the ALJ to base his award, subsequent to November 27, 1985, on the maximum allowable amount for total occupational disability pursuant to KRS 342.730(1)(a)."

Brownies Creek argues that the percentages of partial occupational disability should not be merged to create total occupational disability. Since the Board based its decision on *Sovereign Coal Corp. v. Adkins*, Ky.App., 690 S.W.2d 129 (1985), Brownies Creek contends the case should be overruled. We see no need to do that. The Board's opinion reads:

> [A] claimant is entitled to the amount of compensation commensurate with the "whole of his disability." *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978); *Teledyne–Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986). In *Sovereign Coal Corp. v. Adkins* [cite omitted], it was held that a finding of 50% occupational disability because of a back injury and a 50% occupational disability because of pneumoconiosis implicitly, if not explicitly, created a finding of total occupational disability.

In *Teledyne–Wirz, supra*, this Court affirmed the Board's finding that the claimant had a 100 percent disability due to a combination of a 50 percent prior active disability and the effects of a work-related injury. In *Ridgeway Coal Co. v. Church*, Ky.App., 717 S.W.2d 510 (1986), this Court affirmed a finding of 100 percent disability by the Board. In each of these cases, the claimant had a 100 percent disability due to the combined effect of his disabilities, and payment was ordered in accordance with KRS 342.730(1)(a).

 We find merit in Brownies Creek's contention that *Sovereign Coal, supra*, does not require that total disability be awarded in every case where there are two permanent partial disabilities equalling a total of 100 percent or more. We do not believe that *Sovereign Coal* requires an automatic addition of percentages of disabilities, if there are specific findings of fact that the claimant is not totally disabled. Here, there was no specific finding that the combined disability was less than 100 percent. There was an implicit finding that Lingar was totally disabled, and there was sufficient evidence to support such a conclusion. Evidence was before the ALJ regarding Lingar's limited education, ability level, and medical history. The Board affirmed the ALJ's determination of total occupational disability. *Sovereign Coal*, at 130, states, "We agree with the circuit court that through its award and subsequent denial of petition to reconsider, the Board, implicitly if not explicitly, found that [the claimant] was totally disabled...." While the ALJ's order and the Board's opinion are not models of clarity, we believe the ALJ intended to find Lingar totally and permanently occupationally disabled. As such, Lingar is entitled to full, permanent benefits rather than to partial benefits limited to 425 weeks each.

The opinion of the Workers' Compensation Board is affirmed.

All concur.