**Robert R. MOONEY, Appellant,**

v.

**PITTSBURG & MIDWAY COAL MINING COMPANY; Vickie Newberg, Acting Director of Special Fund; and Workers' Compensation Board, Appellees.**

No. 92–SC–304–WC.

Supreme Court of Kentucky.

March 18, 1993.

Dick Adams, Madisonville, for appellant.

Peter J. Glauber, Larry L. Johnson, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee Pittsburg & Midway Coal Min. Co.

Denis S. Kline, Peter J. Naake, Louisville, for appellee Newberg.

## OPINION AND ORDER
## OF THE COURT

STEPHENS, Chief Justice.

The question before us is whether, pursuant to the 1987 Amendments to the Workers' Compensation Act, KRS 342.730 and KRS 342.732 permit a claimant who is partially, occupationally disabled by a combination of coal workers' pneumoconiosis and occupational injury to receive, for 425 weeks, benefits greater than 75% of the state's average weekly wage, the maximum authorized by either KRS 342.-730(1)(b) or KRS 342.732(1)(b), for permanent, partial, occupational disability.

Claimant was awarded a 75% permanent, partial, occupational disability for coal workers' pneumoconiosis, pursuant to KRS 342.732(1)(b), and a 5% permanent, partial occupational disability for a work-related hearing loss pursuant to KRS 342.730(1)(b).

His last day of work was October 9, 1988. The Administrative Law Judge (ALJ) apportioned both awards 75% to the Special Fund and 25% to the employer.

The Special Fund appealed to the Workers' Compensation Board (Board), asserting that the combined benefits under the two awards exceeded 75% of the state's average weekly wage and, therefore, exceeded the maximum statutory benefit for permanent, partial, occupational disability. The Board agreed with the Special Fund and reversed the ALJ in this regard. That decision was affirmed by the Court of Appeals.

Claimant argues that, absent an express statutory prohibition of the combined benefit, the clear language of KRS 342.730 and KRS 342.732 manifests a legislative intent to create an exclusive remedy for coal workers' pneumoconiosis. A worker may, therefore, simultaneously receive 75% of the state's average weekly wage, the maximum benefit for permanent, partial disability authorized by KRS 342.732, the pneumoconiosis statute, and an additional benefit for a partially disabling injury, pursuant to KRS 342.730(1)(b), so long as he does not receive a total of more than the maximum weekly benefit authorized by KRS 342.-730(1)(a) for total disability.

The Special Fund argues that the language "[e]xcept as provided in KRS 342.-732," which precedes the classification of income benefits in KRS 342.730(1), serves only to make it clear that after October 26, 1987, the effective date of the amendments, all awards for benefits due to coal workers' pneumoconiosis were to be made pursuant to the newly-enacted KRS 342.732, rather than pursuant to KRS 342.730 as was previously done. The maximum benefit for permanent, partial disability authorized by either KRS 342.730 or KRS 342.732 is 75% of the state's average weekly wage. Nothing in KRS 342.730 or in KRS 342.732 authorizes a benefit of more than 75% of the state's average weekly wage for anything other than total, occupational disability. Claimant is not totally, occupationally disabled.

The issue arises in this case, in part, because, although both statutes authorize a maximum benefit of 75% of the state's average weekly wage for permanent, partial disability, there is a discrepancy in the formulae by which benefits are calculated pursuant to KRS 342.732(1)(b) and KRS 342.730(1)(b). KRS 342.732(1)(b) provides for a 75% occupational disability benefit equal to 66⅔% of the employee's average weekly wage, multiplied by the 75% disability rating. The benefit may not exceed 75% of the state's average weekly wage. Whereas, KRS 342.730(1)(b) provides for a benefit equal to 66⅔% of the employee's average weekly wage, up to 75% of the state's average weekly wage, multiplied by the appropriate disability rating. Because the disability rating for a partial disability, by definition, is always less than 100%, the benefit will never exceed 75% of the state's average weekly wage.

The discrepancy in the two formulae works to favor more highly paid workers who are awarded a 75% permanent, partial disability benefit for pneumoconiosis. For example, workers such as the claimant herein, who have the good fortune to earn an average weekly wage large enough so that 66⅔% of the wage is equal to or greater than the state's average weekly wage, receive a 75% disability benefit for pneumoconiosis that equals the maximum benefit authorized by KRS 342.730(1)(b) for a permanent, partial occupational disability. We note, however, that in the case of less well-paid workers, for whom 66⅔% of their average weekly wage is equal to or less than 75% of the state's average weekly wage, the benefit for a 75% occupational disability is the same under either statute.

We understand that numerous issues are presented by awards of benefits for occupational disability caused by a combination of coal workers' pneumoconiosis and other occupational disease or injury under the 1987 amendments to the Workers' Compensation Act. Some of these issues were present in the various decisions of the Board which the appellant has brought to the attention of the Court because he believes they support his argument. Nonetheless, we agree with the decisions of the Board and the Court of Appeals in this case. While it is clear that in enacting KRS 342.732 the legislature sought to create more specific standards for awarding benefits for coal workers' pneumoconiosis, we do not believe that the legislature intended to create a system whereby a partially disabled worker could receive more than the statutory maximum benefit for permanent, partial, occupational disability simply because his disability was, in part, attributable to coal workers' pneumoconiosis and because he was comparatively well-paid. We believe that regardless of whether a claimant's award is for benefits pursuant to KRS 342.732(1)(b), or to KRS 342.730(1)(b), or to a combination thereof, he may receive for permanent, partial disability a total benefit which is no greater than 75% of the state's average weekly wage.

Appellant's motions to refer the Court to certain decisions of the Workers' Compensation Board are hereby granted. The decision of the Court of Appeals is hereby affirmed.

All concur.