James D. Holliday, Hazard, for appellee Kennedy.

Jimmy L. Roark, Hazard, for appellee Arch on the North Fork.

**Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,**

**v.**

**Frank KENNEDY; Arch on the North Fork; Thomas A. Dockter, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 94–SC–36–WC.**

Supreme Court of Kentucky.

Sept. 1, 1994.

### OPINION OF THE COURT

This case concerns whether a worker who the Administrative Law Judge (ALJ) has determined is totally, occupationally disabled by a combination of injury and coal workers' pneumoconiosis may receive a combined award of lifetime benefits pursuant to KRS 342.730 and KRS 342.732.

Claimant was found to be 60% occupationally disabled due to a back injury [KRS 342.730(1)(b) ] and 75% disabled due to coal workers' pneumoconiosis [KRS 342.-732(1)(b) ]. The injury award was apportioned equally between the employer and the Special Fund and the pneumoconiosis award was apportioned 25% to the employer and 75% to the Special Fund. The ALJ determined that "the Plaintiff has suffered an occupational disability of 100% from the combined effects of his injury and occupational disease," and awarded combined benefits equal to those for permanent, total occupational disability for so long as claimant was so disabled. Accordingly, the ALJ ordered that the injury claim would take precedence over the occupational disease claim, with 60% of the combined award attributable to the injury claim and 40% of the combined award attributable to the pneumoconiosis claim. *Estep Coal Co. v. Ward,* Ky., 421 S.W.2d 367 (1967); *Osborne v. Blackburn,* Ky., 397 S.W.2d 144 (1965). The Special Fund's petition for reconsideration was overruled.

The Workers' Compensation Board (Board) reversed the award based on its

interpretation of KRS 342.732 as providing an exclusive remedy for pneumoconiosis claims. The Board reasoned that because the legislature did not provide for the combination of awards pursuant to KRS 342.-730(1)(b) and KRS 342.732(1)(b) in order to produce a lifetime award for total disability, such an award was not authorized. The Board remanded the case for the entry of two separate awards for permanent, partial disability, the injury award for 60% and the pneumoconiosis award for 75%, with each payable for 425 weeks.

On appeal to the Court of Appeals the decision of the Board was reversed and the case was remanded in order for the ALJ's award to be reinstated. We affirm.

Before KRS 342.732 was enacted to govern the award of benefits for pneumoconiosis, both injury and pneumoconiosis benefits were awarded pursuant to KRS 342.730. In *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978), the Court emphasized that the first step in computing the amount of benefits to which an injured worker is entitled is to determine the amount to which the worker is entitled by the whole of his disability. A worker who was totally disabled by a combination of work-related injury, the arousal of a previously dormant condition caused by the injury, and prior, active work-related disability was entitled to be compensated for disability caused by the latest injury as a percentage of permanent, total disability pursuant to KRS 342.-730(1)(a), even though the effects of the injury were only partially disabling. Subsequently, where a worker was totally disabled by a combination of permanent, partial occupational disabilities due to concurrent injury and occupational disease, the court ruled that he should be compensated as for total disability at the higher rate and lifetime duration provided in KRS 342.730(1)(a) rather than as for two permanent, partial disabilities at the lower rate and 425 week duration provided in KRS 342.730(1)(b). *Sovereign Coal Corp. v. Adkins*, Ky.App., 690 S.W.2d 129 (1985). These cases were grounded in the principle that a worker who is totally, occupationally disabled from a combination of causes due to work should be compensated for the subject injury and/or disease at the rate and duration applicable for total, occupational disability.

Effective October 26, 1987, KRS 342.730(1) was amended to include the language "[e]xcept as provided in KRS 342.732," preceding the classification of income benefits. KRS 342.732, which became effective on the same date, provides, in pertinent part, as follows:

(1) Not withstanding any other provision of this chapter, income benefits and retraining incentive benefits for occupational pneumoconiosis resulting from exposure to coal dust shall be paid as follows:....

In *Mooney v. Pittsburg & Midway Coal Mining Co.*, Ky., 849 S.W.2d 527 (1993), we rejected the argument that the clear language of KRS 342.730 and KRS 342.732 manifested a legislative intent to create an exclusive remedy for coal workers' pneumoconiosis. Subsequently, in *McCoy Elkhorn Coal Corp. v. Sullivan*, Ky., 862 S.W.2d 891 (1993), we again emphasized that, regardless of the prefatory language in KRS 342.730 and KRS 342.732, we found no indication that the legislature had intended to create two entirely independent remedies for disabilities compensable pursuant to KRS 342.730 and those compensable pursuant to KRS 342.732. Therefore, we held that the worker could not receive a combined award for a totally disabling injury and coal workers' pneumoconiosis greater than that to which he was entitled pursuant to KRS 342.730(1)(a) for the injury.

In *Newberg v. Garrett*, Ky., 858 S.W.2d 181 (1993), the worker had sustained a 55% occupational disability due to a work-related injury and had contracted category 1 coal workers' pneumoconiosis, the evidence of which compelled the award of a 75% occupational disability. In that case we stated:

The terms 'functional impairment' and 'occupational disability' are not synonymous, but have separate and distinct meanings for compensation purposes. Unlike claims controlled by KRS 342.730, in which occupational disability is determined according to the criteria of KRS 342.0011, claims controlled by KRS 342.732(1)(b) are subject to a presumption of occupational disability. The presumption of occupational disability due to coal workers' pneumoconiosis contained in KRS 342.732(1)(b) is

based solely on the worker's pulmonary impairment and not on his actual occupational disability. Therefore, an inference that a worker is totally, occupationally disabled, simply because the injury and pneumoconiosis awards equal or exceed 100%, is not warranted.

*Id.* at 185. In *Garrett,* the ALJ had made a specific finding that the worker was not totally, occupationally disabled by the combined conditions, a finding that was supported by substantial evidence. Therefore, the worker was not entitled to merge the two awards into a combined award for permanent, total, occupational disability.

Here, the ALJ determined that claimant was totally, occupationally disabled due to the combination of his back injury and pneumoconiosis. Therefore, we agree with the Court of Appeals and the ALJ that claimant was entitled to receive a combined award for permanent, total, occupational disability, payable for so long as claimant was so disabled.

Accordingly, the decision of the Court of Appeals is hereby affirmed, and the award, as entered by the ALJ, is hereby reinstated.

All concur.