John William CAMPBELL, Appellant,

v.

SEXTET MINING COMPANY, as Insured by Underwriters' Safety & Claims; Sextet Mining Company, as Insured by Old Republic Insurance Company; Vicki G. Newberg, Acting Director of Special Fund; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

NATICO, INC., Appellant,

v.

Raymond MESSER; Vicki G. Newberg, Acting Director of Special Fund; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,

v.

Raymond MESSER; Natico, Inc.; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 93–SC–562–WC, 93–SC–1027–WC and 94–SC–15–WC.

Supreme Court of Kentucky.

Sept. 21, 1995.

As Corrected Sept. 26, 1995.

Rehearing Denied Jan. 18, 1996.

Dick Adams, Adams, Day, Whitfield, Ramey & Burns, Madisonville, for John William Campbell.

John C. Morton, Sheffer, Hoffman, Thomason & Morton, Henderson, for Sextet Mining Company, as Insured by Underwriters' Safety & Claims.

William P. Swain, Peter J. Glauber, Boehl, Stopher & Graves, Louisville, for Sextet Mining Company, as Insured by Old Republic Insurance Company.

Joel D. Zakem, R. Scott Summers, Peter J. Naake, Attorneys for Special Fund Labor Cabinet, Louisville, for Vicki G. Newberg and Robert L. Whittaker.

Robert A. Winter, Jr., Jennifer B. Olano, Taft, Stettinius & Hollister, Crestview Hills, for Natico, Inc.

Gregory N. Schabell, Busald, Funk, Zevely, P.S.C., Florence, for Raymond Messer.

STUMBO, Justice.

The sole issue before this Court is whether, in a worker's compensation claim, upon finding that a person is totally and permanently disabled from several separate injuries, an award of lifetime benefits pursuant to KRS 342.730(1)(a) is appropriate for the combined injuries. This exact issue is currently pending in three appeals before this Court. Therefore, as a matter of judicial economy, all three of these appeals have been consolidated and brought before the Court as a matter of right by the Court's own motion in order to settle the common issue involved.

## FACTS

The first case is *Campbell v. Sextet Mining Company* (93–SC–562–WC). Appellant, John William Campbell, seeks total permanent disability benefits arising out of two work-related injuries. The first injury occurred on December 15, 1987, when Appellant injured his lower back. The second injury occurred on August 24, 1989, when Appellant injured his neck. Prior to December 15, 1987, Mr. Campbell had sustained other work-related injuries while working for South Hopkins Coal Company for which he also received benefits.

Mr. Campbell was fired on May 4, 1990, when he tried to return to work with Sextet, because his employer felt he could no longer perform his job as a result of his injuries. At his hearing, the Administrative Law Judge (ALJ) found Mr. Campbell to be 100% occupationally disabled. As a result, the ALJ awarded Campbell 425 weeks of disability for the 1987 injury under KRS 342.730(1)(b), and awarded him benefits for the 1989 injury pursuant to KRS 342.730(1)(a), for as long as he remains disabled. The Workers' Compensation Board (WCB), the Court of Appeals, and this Court originally affirmed the ALJ's decision. Appellant argues that since both injuries, when combined, rendered him totally disabled, and since both injuries were compensated in a single award, both injuries should have been assigned lifetime benefits under KRS 342.730(1)(a). This case comes again before the Court, now on a granted motion for a rehearing.

The *Campbell* case has been consolidated with *Natico v. Messer* (93–SC–1027) and *Whittaker v. Messer* (94–SC–15) due to their common issue. In *Whittaker*, Appellee also seeks total permanent disability benefits arising out of two work-related injuries. Appellee, Raymond Messer, first injured his back on December 18, 1986. The ALJ found Messer to have a 50% permanent occupational disability thereafter, and, as in *Campbell* awarded permanent partial disability benefits for 425 weeks pursuant to KRS 342.730(1)(b). On July 7, 1989, Messer again injured his back. The ALJ awarded an additional 50% occupational disability and the award was set for as long as Messer remained disabled.

With facts nearly identical to *Campbell*, the ALJ found that Messer was 100% disabled due to the combination of the two work injuries. Messer then filed a petition for reconsideration pursuant to KRS 342.281, requesting the ALJ to calculate the award relating to the 1986 injury pursuant to KRS 342.730(1)(a). The ALJ overruled the petition and the WCB affirmed. The Court of Appeals reversed holding that it was an error by the WCB to refuse to combine the two awards and run the benefits at the rate for total disability under KRS 342.730(1)(b). Both Robert L. Whittaker, the acting director of the Special Fund, and Natico, Inc., the employer, appeal to this Court.

## DISCUSSION

 As noted above, we are presented here with an extremely narrow issue, whether an injured worker may collect total disability benefits under KRS 342.730(1)(a) from combined work-related injuries occurring in different years. We agree with the arguments advanced by Campbell and Messer and hold that since the ALJ in both of these appeals made factual findings of total disability that are supported by the record, we should enforce the legal effect of these findings and direct the entry of an award for lifetime benefits for the entire amount of disability not excluded as a prior active condition.

Herein, both Campbell and Messer's several work-related injuries are not by themselves totally disabling. However, when the injuries are combined, a finding of total disability could be made. There are several cases this Court has rendered that support this principle. First, this Court decided a case very similar to this one in *Beale v. Shepherd*, Ky., 809 S.W.2d 845 (1991). In *Beale*, we held that "[w]hen an employee is totally and permanently disabled, by a combination of injuries ... he ought to be compensated for life at the rate for total permanent disability (KRS 342.730(1)(a)), rather than for a limited duration and at the lesser rate for permanent partial disabilities (KRS 342.730(1)(b))." *Id.* at 849.

A second similar case is *Whittaker v. Kennedy*, Ky., 883 S.W.2d 489 (1994). In *Kennedy*, the ALJ determined that the worker had suffered an occupational disability of 100% from the combined effects of his injury and occupational disease, as in the case at bar. On appeal, we held that a worker who was totally, occupationally disabled by a combination of back injury and coal workers' pneumoconiosis, was entitled to a combined award of lifetime benefits, rather than two separate awards for permanent, partial disability. *Id.*

Third, *Brownies Creek Collieries v. Lingar*, Ky.App., 794 S.W.2d 641 (1990), and *Sovereign Coal Corp. v. Adkins*, Ky.App., 690 S.W.2d 129 (1985), also further the position that two compensable conditions when combined can cause a worker to be totally and permanently disabled, for which he should be awarded lifetime benefits. In both cases, the injured worker was awarded lifetime benefits under KRS 342.730(1)(a) for the combined effect of two claims, even though the finding of 100% occupational disability was implicitly found. There was no wording of total disability in the ALJ's decision.

In the case at bar, both ALJ's specifically wrote in their decisions that Campbell and Messer were 100% occupationally disabled. There was no need for an implicit finding. Therefore, if lifetime benefits may be awarded for an implicit finding of total disability, then lifetime benefits must be awarded if the findings are made explicitly as they are in the present case. Furthermore, at the Ken-

tucky Appellate Court level, no worker who has been found to be totally and permanently disabled as a result of the combined effects of two compensable injuries has been denied lifetime benefits on both injuries, even if they occurred in different calendar years.

Fourth, a case that is frequently cited as authority for reducing Campbell and Messer's benefits from their initial injuries to 425 weeks is *Johnson v. Scotts Branch Coal Co.*, Ky.App., 754 S.W.2d 555 (1988). However, it is readily distinguishable. In *Johnson*, the ALJ did not award the worker lifetime benefits, nor did the ALJ explicitly state that the worker was totally occupationally disabled, nor did the ALJ even make an implicit finding that the worker was totally occupationally disabled.

*Teledyne–Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986), *Adkins* and *Lingar* are all cases wherein a combination of injuries or conditions resulting in excess disability were compensated with lifetime benefits. These cases differ only slightly factually from the case at bar because none involved a combination of compensable injuries or conditions that arose in different calendar years. This slight factual difference is simply a distinction without a difference.

Suppose a worker injures his leg in 1994. The worker returns to work only to sever his arm in 1995. As a result of the second injury, the occupational effect of the first injury changes from being partially disabling to being totally disabling. The total effect of two successive injuries may be greater than the sum of each injury and the worker should be awarded the greater amount. Arthur Larson, *Larson's Workmen's Compensation, Desk Edition* § 59.00 (1995). The combined effect of both of these injuries has rendered the worker totally disabled and, therefore, that worker should be treated the same as if the worker had suffered both injuries at the same time. A worker has an absolute right pursuant to KRS 342.120 to litigate both claims at the same time, and if the combined effects from both compensable claims render the claimant totally and permanently disabled, he should be awarded lifetime benefits on both, regardless of whether the second

claim arose in a different calendar year than the first claim.

■ Aside from case law, the general purpose of KRS Chapter 342 is to wholly compensate injured workers. "This principle of protecting the interests of the injured worker is a basic tenet of workers' compensation law." *Beale v. Shepherd,* Ky., 809 S.W.2d 845, 849 (1991).

KRS 342.120 stays consistent with the general purpose of workers' compensation law. Procedurally, KRS 342.120 provides a vehicle where injured workers may litigate multiple or subsequent injuries at the same time. KRS 342.120(6) generally defines "excess disability" cases and these three consolidated appeals are essentially "excess disability" cases. KRS 342.120(6) provides in relevant part as follows:

> [If an employee is a person who is disabled by a compensable injury or an occupational disease] and a subsequent compensable injury or occupational disease has resulted in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone, and the employee is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable for the payment of all income benefits until the benefits paid have reached a percentage of the full income benefits awarded by the administrative law judge which is equal to the percentage of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition.

Subsection (7) provides that all remaining compensation to the employee "shall be paid out of the special fund provided for in KRS 342.122."

The statutory law and the case law make it clear that the two injured workers in these cases are entitled to lifetime benefits under KRS 342.730(1)(a), and should not be limited to permanent partial disability payments under KRS 342.730(1)(b).

For the reasons set forth above, we reverse the decision of the Court of Appeals in *Campbell v. Sextet Mining Co.,* and we affirm the decision of the Court of Appeals in *Whittaker v. Messer* and *Natico Inc. v. Messer.*

LAMBERT, LEIBSON and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., concurs in result only.

STEPHENS, C.J., dissents by separate opinion, in which FUQUA, J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent. Although I agree with the majority that a totally disabled worker is entitled to be compensated for the whole of his disability and that each of these totally disabled workers is entitled to an award for total disability for the balance of his life, I believe that the same result may be accomplished by a somewhat different approach from that taken by the majority. Furthermore, I believe that this alternative approach is more in keeping with the principles of Chapter 342 and the decision in *Brownies Creek v. Lingar,* Ky.App., 794 S.W.2d 641 (1990), upon which the majority relies.

Where a compensable injury (or series of injuries) causes a worker to be partially disabled, and a subsequent compensable injury renders the worker totally, occupationally disabled, it should be of no moment whether the two claims are prosecuted together or separately. The workers' compensation award for the prior injury should compensate the worker and impose liability on the defendants only for that which resulted—a partial disability. As such, compensation for the disability should be awarded for 425 weeks pursuant to KRS 342.730(1)(b). It is in the award for the injury which actually renders the worker totally, occupationally disabled, that the combined effect of the prior and final injuries should be considered, and it is from the date of that injury that the award for total, occupational disability, should run. Furthermore, treating the claims in this manner will produce consistent results regardless of whether the successive claims are prosecuted together or separately.

Neither of these workers was totally, occupationally disabled until the date of the final injury. Nonetheless, the majority states that it would award the workers lifetime benefits for both the prior and subsequent injuries. Such an award would impose upon the defendants who were liable for Campbell's prior (1987) injury and Messer's first back injury the liability for benefits at the rate and duration applicable to total disability even though the injuries resulted only in partial disability. The majority takes the view that such an award is proper because, subsequent to the aforementioned injuries, each of these workers sustained another injury which combined with their previous condition to render them totally disabled. Particularly in the case of successive employers or successive insurers, as is the case in *Campbell*, this amounts to the imposition of *ex post facto* liability and is unjustified. Furthermore, to award a worker greater benefits for an injury simply because the claim for that injury was prosecuted together with the claim for a subsequent injury or to award a worker benefits for total disability during a period before he actually is totally disabled amounts to a windfall. In fact, in *Brownies Creek v. Lingar*, supra, upon which the majority relies, the Board remanded the case to the extent that the ALJ's award of total disability for the period of time between the two injuries, when Lingar worked full-time, was contrary to the evidence. In that case, the Court of Appeals affirmed the Board.

I agree with the majority that where the last of a series of disabling injuries combines with the worker's prior disability to render the worker totally, occupationally disabled, an award of total, occupational disability is authorized. KRS 342.120(6) provides that where the combined effect of a worker's previous disability and a new injury results in a greater overall degree of disability than the latest injury, alone, would have caused, the employer is liable only for the percentage of disability attributable to the latest injury. Pursuant to KRS 342.120(7), that greater disability which results from the combined effect of the latest injury superimposed upon a previous disability, also known as "excess" disability, is apportioned to the Special Fund.

In *Whittaker v. Messer* and *Natico v. Messer*, the worker suffered two successive back injuries, with the first injury resulting in a 50% disability and the second injury resulting in permanent, total disability. In this case, the ALJ determined that the two injuries, by themselves, rendered the worker totally, occupationally disabled. Therefore, an award of 50% permanent, partial disability should be entered for the first injury. It was only after Messer's second injury that he became totally disabled. Therefore, from the date of the second injury he should receive an award of total occupational disability, with an exclusion from the award equal to the permanent, partial disability benefits payable under the award for the first injury.

In *Campbell v. Sextet Mining Company*, the Administrative Law Judge (ALJ) determined that the worker "is presently 100% occupationally disabled." The ALJ also determined that claimant had a 50% prior, active disability as a result of the 1973 and 1986 injuries and that, of the 50% of his disability that was compensable, 40% was attributable to the 1987 injury and 10% was attributable to the 1989 injury. The ALJ applied *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971) and made the following additional findings:

a. The injuries of December 15, 1987 and August 24, 1989 would not have caused all of the Plaintiff's occupational disability.

b. The extent of occupational disability attributable to the subject injuries alone is 25%. The employer owes this with Old Republic owing 20% and Underwriters owing [5%].

c. The degree of occupational disability which existed immediately prior to the work related injury without regard to its effect is 50%.

d. The amount of disability attributable to the arousal of a pre-existing dormant non-disabling disease or condition into disabling reality by the work related injuries is 25%. The Special Fund owes this.

On these facts, an award of 40% permanent, partial occupational disability should be entered for the 1987 injury in accordance with the ALJ's finding that the injury resulted in a 40% occupational disability. Also in accordance with the ALJ's findings, an award

of total occupational disability should be entered from the date of the final injury, with an exclusion for the 50% prior, active disability and an exclusion equal to the permanent, partial disability benefits payable under the award for the 1987 injury.

FUQUA, J., joins in this dissenting opinion.