Robert L. WHITTAKER, Director
of Special Fund, Appellant,

v.

Hurshel FLEMING; Sun Glo Coal Company, Inc.; Trojan Mining, Inc.; Mine 25 Corporation; Mine 26 Corporation; Mine 26 Processing Corporation; Uninsured Employers' Fund; Donna Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.

Mine 25 Corporation, Mine 26 Corporation, Mine 26 Processing Corporation, and Uninsured Employers' Fund, Cross–Appellants,

v.

Hurshel Fleming; Sun Glo Coal Company, Inc.; Trojan Mining, Inc.; Special Fund; Hon. Donna Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 1999–SC–0582–WC,
1999–SC–0595–WC.

Supreme Court of Kentucky.

May 18, 2000.

Case Ordered Published by
Supreme Court Aug. 24, 2000.

David R. Allen, David W. Barr, Frankfort, for Whittaker and Special Fund.

Ralph Roland Case, Pikeville, for Fleming.

Benita J. Riley, Jeffrey D. Damron, Riley & Watlers, P.S.C., Prestonsburg, for Sun Glo Coal Corp.

Clyde F. Johnson, Prestonsburg, for Trojan Mining, Inc.

Robert J. Patton, Zee, Kinner, & Chafin, Prestonsburg, for Mine 25 Corp., Mine 26 Corp., and Mine 26 Processing Corp.

Dana C. Stinson, Asst. Atty. Gen., Frankfort, Counsel for Uninsured Employers' Fund.

## OPINION OF THE COURT

This workers' compensation appeal is a sequel to *Fleming v. Windchy*, Ky., 953 S.W.2d 604 (1997), wherein the worker was rendered totally disabled by the partially disabling back injuries which occurred in 1990 and 1991 and were sustained in different employments. We reversed an award of total disability which was divided equally between the two injuries because the claimant did not become totally disabled until 1991 and remanded the claim with directions. This appeal concerns whether the award which was entered on remand complied with those instructions, more specifically, whether liability for the 1991 injury was properly apportioned between the employer and the Special Fund.

Prior to the injuries which are the subject of this appeal, claimant had been awarded permanent, partial disability benefits for a 1977 back injury (6%) and for a 1988 knee injury (10%). The claims for two subsequent back injuries were litigated together. The first back injury occurred in 1990, while claimant was employed by Sun Glo Coal Co., Inc. (Sun Glo), and accounted for a 42% occupational disability. The second back injury occurred in 1991, while he was employed by Trojan Mining, Inc. (Trojan), and accounted for a 42% occupational disability. In the initial proceeding, the Administrative Law Judge (ALJ) determined that, together with the prior, active disability of 16%, the 1990 and 1991 injuries resulted in total occupational disability.

In *Fleming*, we addressed the application of *Campbell v. Sextet Mining Co.*, Ky., 912 S.W.2d 25 (1995), to situations where the successive injuries occur in different employments. We explained that benefits for the partially disabling back injury which occurred in 1990 could not be affected by subsequent events which did not authorize a reopening of the claim. We concluded our opinion by stating:

> It is not disputed that claimant became totally, occupationally disabled as a result of the 1991 injury. Therefore, when the holding of *Campbell* is properly applied to the present facts, claimant is entitled to an award pursuant to KRS 342.730(1)(a), as of the date of the 1991 injury, for the entire amount of his disability which is not excluded as a prior, active condition. The ALJ excluded a 16% disability for injuries which occurred before 1990 and for which claimant had been fully compensated. That exclusion is undisputed. To the extent that permanent, partial disability benefits payable pursuant to the 1990 award overlap the period of total disability, they will offset Trojan's and the Special Fund's liability for benefits which would otherwise be due pursuant to the total disability award.

*Id.* at 608–09.

At issue in this appeal is whether the ALJ complied with the directions on remand, particularly with regard to the relative liability of the Special Fund and Trojan as a result of the 1991 injury. Trojan stipulated to equal apportionment with the Special Fund with regard to the injury. When the claim was remanded to the ALJ following our decision in *Fleming*, the Special Fund sought to enforce the stipulation, asserting that it was liable for no more than half of the benefits awarded as of 1991, including the "excess disability" which resulted from application of the decision in *Campbell*. Trojan asserted, however, that the stipulation pertained only to benefits for the 42% disability which was attributable to the 1991 injury, by itself.

In considering the claim on remand, the ALJ agreed with Trojan. As a result, income benefits for the 1990 injury were awarded as a 42% permanent occupational disability which was payable for 425 weeks. The award was apportioned equally between Sun Glo and the Special Fund. Following the 425-week period, the ALJ placed liability on the Special Fund for a 42% permanent occupational disability, indicating that it represented the "excess disability" caused by the combined effects of the 1990 and 1991 injuries and that it

was payable for so long as the claimant remained disabled. Income benefits for the 1991 injury were awarded as 42% of a permanent occupational disability. The 1991 award was payable for so long as the claimant remained totally disabled and was apportioned equally between Trojan and the Special Fund.

The Workers' Compensation Board (Board) reversed, noting that the stipulation, KRS 342.1202, and this Court's opinion in *Fleming* required the equal apportionment of all benefits awarded as a result of the 1991 injury. Subsequently, the Court of Appeals reversed the Board and reinstated the decision of the ALJ. This appeal by the Special Fund followed. Because Trojan, the ALJ and the Court of Appeals have misinterpreted our directions in *Fleming,* we reverse. Under those circumstances, we also reject Trojan's assertion that claimant was required to cross-appeal the award entered on remand.

In *Campbell,* we supported our conclusion that the Special Fund was liable for the "excess disability" which resulted when the last of a series of injuries rendered a worker totally disabled by referring to KRS 342.120, the general apportionment statute. We noted that KRS 342.120(6) held an employer liable only for the percentage of disability caused by the subject injury, itself. KRS 342.120(7) provided that the Special Fund was liable for disability attributable to the arousal of a prior, dormant condition and for what is commonly known as "excess disability," that greater disability which results when an injury is superimposed upon a prior disability. Subsequently, in *Fleming,* we rejected an argument by the Special Fund that our decision in *Campbell* had done violence to the principle of "excess disability," explaining as follows:

> The occupational effect of [Fleming's] 1991 injury was twofold . First, together with the arousal of ongoing degenerative back problems, it accounted for 42% of claimant's permanent, total disability.

Second, due to the differences in KRS 342.730(1)(a) and (b), it caused the 1990 injury, which was being compensated as only a 42% permanent, partial disability, to become 42% of a permanent, total disability. It is this second effect which the Special Fund would have us ignore but which we determined, in *Campbell,* should be compensable. (Emphasis added.)

953 S.W.2d at 608. We noted, then, that Trojan had failed to file a brief in the appeal. *Id.* Shortly thereafter, we also noted that it was undisputed that liability for the 1991 injury was apportioned equally between Trojan and the Special Fund pursuant to KRS 342.1202(1). *Id.*

■ Before 1987, all awards were apportioned between the responsible employer and the Special Fund pursuant to KRS 342.120. Since 1987, KRS 342.1202 has required that an award of income benefits which is based, in whole or in part, upon a preexisting condition of the back or heart be apportioned equally between the employer and the Special Fund. In other words, the legislature has determined that, regardless of the extent to which a prior back or heart condition has contributed to a worker's ultimate disability, liability is to be borne equally by the employer and the Special Fund. For that reason, in claims where the apportionment of liability for the injury which renders a worker totally disabled is controlled by KRS 342.120, the ALJ will be required to determine the extent of the employer's and the Special Fund's liability pursuant to KRS 342.120(6) and (7). In claims where the apportionment of liability for the injury which renders a worker totally disabled is controlled by KRS 342.1202, the apportionment is automatic and equal. The fact that apportionment is automatic under KRS 342.1202 does not affect the underlying principle for apportionment which is that, in order to encourage the re-employment of injured workers, the Special Fund is liable for the effects of prior conditions on the extent of a worker's occupational

disability due to an injury. See *Stovall v. Dal–Camp, Inc.*, Ky., 669 S.W.2d 531, 533 (1984); *Yocom v. Jackson*, Ky.App., 554 S.W.2d 891, 896–97 (1977).

█ In an attempt to clarify our decision in *Fleming,* we again emphasize that claimant became totally disabled as a result of the 1991 injury. He is entitled to an award of total disability as of the date of the 1991 injury. A 16% prior, active disability must be excluded for the pre–1990 injuries, leaving 84% of an award for permanent, total disability as a result of the 1991 injury. Apportionment of the 1991 award is controlled by KRS 342.1202; therefore, liability for the 84% award must be borne equally by Trojan and the Special Fund. Trojan and the Special Fund are entitled to a credit against the 1991 award to the extent that benefits payable pursuant to the 1990 partial disability award against Sun Glo and the Special Fund overlap the period of total disability.

The decision of the Court of Appeals is reversed, and the claim is remanded to the ALJ to apportion liability for the award of benefits for the 1991 injury equally between the Special Fund and Trojan consistent with our decision in *Fleming.*

All concur except Cooper, J., who dissents for the same reasons expressed in his dissents in *Fleming v. Windchy,* Ky., 953 S.W.2d 604 (1997), and *Spurlin v. Brooks,* Ky., 952 S.W.2d 687 (1997).