**EASTERN COAL CORPORATION,**
**Appellant,**

v.

**Melvin BLANKENSHIP; Larry D. Beale, Director of the Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 91–SC–58–WC.**

Supreme Court of Kentucky.

June 6, 1991.

As Corrected June 27, 1991.

As Modified on Grant of Rehearing Aug. 29, 1991.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellant.

John David Preston, George C. Perry, III, Perry & Preston, Paintsville, for Melvin Blankenship.

John E. Stephenson, Appellate Atty., Labor Cabinet–Special Fund, Louisville, for special fund.

## OPINION OF THE COURT

Melvin Blankenship was employed by Eastern Coal Corporation and quit working on September 16, 1988, after he experienced chest pain and thought he had suffered a heart attack. His cardiologist concluded, however, that the source of his symptoms actually was his lungs. Subsequently, he was diagnosed as having contracted coal workers' pneumoconiosis and was awarded retraining incentive (RIB) benefits. He had not returned to work as of the hearing on his claim.

Eastern provided its employees with 52 weeks of disability benefits at the rate of $200 per week. Blankenship received these benefits which expired shortly before his claim was adjudicated. Eastern argues that it should be allowed to credit at least a portion of the voluntary payments against the award of RIB benefits. To do otherwise would result in a windfall for Blankenship. Eastern also argues that Blankenship should be required to use the RIB benefits for vocational retraining.

The Administrative Law Judge (ALJ), Workers' Compensation Board, and Court of Appeals all concluded that no credit for the voluntary payments should be allowed and that KRS 342.732(1)(a) does not require an employee who receives RIB benefits to use those benefits for vocational retraining. Eastern appeals as a matter of right. *Vessels v. Brown Forman*, Ky., 793 S.W.2d 795 (1990).

As set forth in KRS 342.732(1)(a), RIB benefits are a class of benefits which is separate and distinct from the class of benefits awarded under KRS 342.732(1)(b), (c), or (d). RIB benefits are awarded when the employee has contracted category 1 pneumoconiosis and has no respiratory impairment. They are substantially less in amount and duration than permanent disability benefits and accrue from the second regular payday after the award becomes final. KRS 342.732(1)(a); KRS 342.040.

In contrast, permanent-partial or permanent-total disability benefits are awarded when the employee has a more serious X-ray classification and/or a significant degree of respiratory impairment. They are paid for up to 75% or 100% of the state average weekly wage and for either 425 weeks or for life. KRS 342.732(1)(b), (c), (d). These benefits accrue from the date of disability. A portion of these benefits will, therefore, be past due when the award is made. It is against this past-due portion of the award that a credit for voluntary disability payments has been allowed. *See Triangle Insulation v. Stratemeyer*, Ky., 782 S.W.2d 628 (1990); *Hatfield v. Eastern Coal Corp.*, Ky.App., 787 S.W.2d 274 (1990).

■ Under the statutory scheme, RIB benefits will always become due after the award is made and will, therefore, always be future benefits. Under these circumstances, a credit for voluntary disability payments made before the award would of necessity reduce the future payments to the employee. Such a result has long been disfavored by this Court. As we stated in *General Electric v. Morris*, Ky., 670 S.W.2d 854 (1984), one of the purposes of the compensation act was that periodic payments be made to workers over a statutorily set period absent an agreement to the contrary by the parties and approval by the Workers' Compensation Board. *See also, Triangle Insulation v. Stratemeyer, supra.* For these reasons voluntary payments of disability benefits made before the award of RIB benefits may not be credited against a subsequent award of RIB benefits.

■ As enacted in 1987, KRS 342.-732(1)(a) was designed to benefit employees who suffer from category 1 pneumoconiosis with no respiratory impairment by giving them a one time only "retraining incentive benefit" aimed at encouraging them to obtain employment outside the mining industry. The language of the statute does not, however, require that they seek such training. It recognizes that some will continue to work in the industry, provides a method for payment of the benefit if they continue such employment, and does not penalize them if they continue to do so. In addition, KRS 342.197 was amended in 1987 specifically to prohibit employment discrimination against this class of workers. Under these circumstances and despite the apparent goal that these benefits serve as an incentive for retraining, we find no indication that the legislature intended to require their use for that purpose.

We note the apparent contradiction of purpose in a statutory scheme which, on the one hand, awards benefits to encourage workers with Category 1 coal workers' pneumoconiosis and no respiratory impairment to retrain in preparation for seeking employment outside the mining industry, but which, in fact, not only fails to require that those benefits be used for retraining, but also penalizes a mine operator who refuses to hire such a worker. Such a scheme is incomprehensible to this Court. If the legislature truly intends to encourage these workers to seek other employment, we would urge them to enact legislation that will more effectively accomplish that purpose.

The decisions of the ALJ, Workers' Compensation Board, and Court of Appeals are hereby affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., concurs but would prefer not to advise the legislature about how to legislate.

REYNOLDS, J., is not sitting.