## Wiley B. STEPHENS (Deceased), and Lola Stephens, Appellants,

v.

## DENAIRO MINING CO., INC.; Special Fund; Uninsured Employers' Fund; W. Bruce Cowden, Administrative Law Judge; and Workers' Compensation Board, Appellees.

### No. 91–SC–867–WC.

Supreme Court of Kentucky.

June 25, 1992.

Dennis L. Nagle, Cole, Cole, Anderson & Nagle, PSC, Barbourville, for appellants.

William L. Rose, Williamsburg, for appellee, Denairo Min. Co., Inc.

Denis S. Kline, Hon. Peter J. Naake, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

Chris Gorman, Atty. Gen., Thomas Ainley, John L. Pendley, Asst. Attys. Gen., Uninsured Employers' Fund, Frankfort, for appellee Uninsured Employers Fund.

### MEMORANDUM OPINION OF THE COURT.

The question presented in this workers' compensation case is whether portions of an award of retraining incentive benefits (RIB) may be paid to a surviving spouse. Decedent, Wiley Stephens, worked in the coal mining industry from 1973 until November 4, 1987. Decedent became unemployed on that date because his employer, Denairo Mining Co., Inc. (Denairo) closed its mine. After the mine was shut down, decedent collected unemployment benefits, and later filed this workers' compensation claim and a Federal Black Lung claim. Before an award had been rendered, he died as the result of injuries sustained in an automobile accident on July 21, 1988. Decedent's wife proceeded with the claim, and the Uninsured Employers' Fund (UEF) was

joined as a party upon certification that Denairo had no workers' compensation coverage.

The Administrative Law Judge (ALJ) determined from the lay and medical evidence presented that the decedent would have been entitled to a RIB award pursuant to KRS 342.732(1)(a) which provides that:

(1) Notwithstanding any other provision of this chapter, income benefits and retraining incentive benefits for occupational pneumoconiosis resulting from exposure to coal dust shall be paid as follows:

(a) If the administrative law judge finds that an employe has a radio graphic classification of category 1/0, 1/1, or 1/2 ... and no respiratory impairment resulting from exposure to coal dust ... he shall award a one time only retraining incentive benefit.... The one time only retraining incentive benefit awarded under this paragraph may be collected semimonthly as provided in KRS 342.040, by the employe while he continues to work in the mining industry. The retraining incentive benefit may be collected in a lump sum when the employe leaves his hazardous employment in the mining industry if the parties agree and the agreement is approved by the administrative law judge....

The ALJ also concluded that decedent's wife was entitled to fifty percent (50%) of the RIB award pursuant to KRS 342.-730(3)(a) which provided at the time of the last injurious exposure:

(3) When an employe, who has sustained disability compensable under this section, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, portions of the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or widower ... benefits at fifty percent (50%) of the rate specified in the award.

The UEF filed an appeal with the Workers' Compensation Board (Board) to consider whether the legislature intended for the surviving spouse to receive 50% of a deceased claimant's RIB award. The Board reversed the opinion and award of the ALJ and held that a RIB award is not encompassed by the provisions of KRS 342.730(3). The Court of Appeals affirmed the decision of the Board.

KRS 342.730 provides for income benefits for disability in claims except as provided in KRS 342.732. KRS 342.732 provides for income benefits and RIB awards for occupational pneumoconiosis. The Board held that decedent's wife could not rely upon KRS 342.730(3) because, at the time of the last injurious exposure, that provision authorized the payment of benefits to survivors only when the benefits were awarded pursuant to that section and, in this case, decedent was awarded benefits pursuant to KRS 342.732.

The UEF also argued before the Board that a deceased coal miner cannot be retrained and that RIB awards were impliedly intended for living and able-bodied claimants. KRS 342.730 allows survivors to receive *income benefits* when the employee had sustained disability compensable under that section. Retraining incentive benefits are categorized separately from income benefits throughout the Act. Income benefits are awarded for occupational disability. RIB awards are authorized when the employee does not exhibit any present impairment but exhibits positive indications of the potentiality of a disabling impairment. Presumably, were a worker to retrain and exit the mining industry, the payment of income benefits would never become necessary.

The point is that even under the amended version of KRS 342.730(3), which now authorizes continuation of benefits for disabilities compensable under the "chapter" (as opposed to under the "section"), the provi-

sion still does not mention retraining incentive benefits but permits specified classes of survivors to be paid portions of the income benefits.

In his concurring opinion, Board member Miller agreed with the Board that the pre-amended version of KRS 342.730(3) governed in this case and restricted continuation of benefits after death to those awarded under that section, and since RIB awards are not awarded under that section, decedent's RIB award could not be paid out after his death. However, Board member Miller stated that had the 1990 amendment to KRS 342.730(3) applied, he believed that the effect of substituting the word "chapter" for "section" would have changed the result.

We think it is clear that under the pre-amended version of KRS 342.730, decedent's RIB award does not continue after his death. Furthermore, the amended version still encompasses only income benefits. Although the word "chapter" has been substituted for the word "section," we believe that the effect of this substitution is that the provision now encompasses income benefits awarded under KRS 342.732, the pneumoconiosis statute. KRS 342.732 presumes disability upon certain medical evidence. It does not follow, however, that the amended version of KRS 342.730(3) authorizes the continuation of retraining incentive benefits awarded under KRS 342.-732, which are not based upon an irrebuttable presumption of occupational disability but upon the potential for such disability. Therefore, RIB awards are not necessarily income benefits, although they are compensation. *See, Peabody Coal Co. v. Hicks*, Ky., 824 S.W.2d 411 (1992); *Eastern Coal Corp. v. Blankenship*, Ky., 813 S.W.2d 808 (1991).

The Court of Appeals affirmed the decision of the Board that KRS 342.730(3) does not pertain to RIB awards, but only to income benefits citing *Eastern Coal, supra.*

As set forth in KRS 342.732(a)(a), RIB benefits are a class of benefits which is separate and distinct from the class of benefits awarded under KRS 342.-732(1)(b), (c), or (d). RIB benefits are awarded when the employee has contracted category 1 pneumoconiosis and has no respiratory impairment. They are substantially less in amount and duration than permanent disability benefits and accrue from the second regular pay day after the award becomes final. KRS 342.732(1)(a); KRS 732.040. *Eastern Coal*, at 809.

We agree with the rationale of the Board and Court of Appeals that the statutory language and the practical purposes of a RIB award make it clear that such award shall not be continued after claimant's death. The decision of the Court of Appeals is affirmed, and the action is remanded to the Administrative Law Judge for entry of an order dismissing the claim.

All concur.