## McCOY ELKHORN COAL CORPORATION, Appellant,

v.

## Robert SULLIVAN; Larry Beale, Director of Special Fund; Walter Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–201–WC.

Supreme Court of Kentucky.

Sept. 30, 1993.

As Corrected Oct. 1, 1993 and Oct. 11, 1993.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellant.

Randy G. Clark, Clark & Johnson, Pikeville, for appellee Sullivan.

Mark C. Webster, Labor Cabinet, Special Fund, Louisville, for appellee Beale.

## OPINION OF THE COURT

■ This case concerns whether a worker may receive a permanent, total, occupational disability award due to injury concurrently with a retraining incentive benefit. KRS 342.730(1)(a); KRS 342.732(1)(a).

Claimant sustained a permanent, total, occupational disability due to a back injury and contracted category 1 coal workers' pneumoconiosis without a significant pulmonary impairment. The Administrative Law Judge (ALJ) determined that claimant could receive the 100% disability award for the injury [KRS 342.730(1)(a) ] and a retraining incentive benefit [KRS 342.732(1)(a) ] concurrently. This ruling was based upon his interpretation of KRS 342.732(1) and KRS 342.730(1) as precluding a credit or offset against a pneumoconiosis award, made pursuant to KRS 342.732, for income benefits paid for an injury or other occupational disease, made pursuant to KRS 342.730. Such a credit or offset was allowed before October 15, 1987, when claims for both coal workers' pneumoconiosis and for injury and other occupational diseases were all controlled by KRS 342.730. *Island Creek Coal Co. v. Davis*, Ky.App., 761 S.W.2d 179 (1988).

The Workers' Compensation Board (Board) and the Court of Appeals agreed that the language of KRS 342.730(1) and KRS 342.732(1) was clear. The statutes created two entirely independent remedies; one for coal workers' pneumoconiosis and another for injuries and other occupational diseases. Claimant was, therefore, entitled to receive both benefits without an offset. We disagree; hence, we reverse the decisions below.

In *Matney v. Newberg*, Ky., 849 S.W.2d 526 (1992), this Court reaffirmed the long-standing principle that a worker who receives multiple compensation awards may, at one time, be compensated for no more than total, occupational disability because he can, in fact, be no more than totally, occupationally disabled. We also stated that income benefits from combined awards were limited by both 66⅔% of the worker's average weekly wage and 100% of the state's average weekly wage. Because the worker in that case did not raise before the ALJ the issue of wheth-

er the language of KRS 342.732(1) and KRS 342.730(1) precluded an offset of the injury award against the pneumoconiosis award, we refrained from addressing that issue.

Subsequently, in *Mooney v. Pittsburgh & Midway Coal Co.*, Ky., 849 S.W.2d 527 (1993), where the issue of offset was raised, we ruled that, regardless of whether a worker's award was for benefits pursuant to KRS 342.732, or to KRS 342.730, or to a combination thereof, he could receive a combined permanent, partial disability benefit no greater than 75% of the state's average weekly wage. We also noted that, regardless of the prefatory language in KRS 342.730 and KRS 342.732, we found no indication that the legislature intended to create two entirely independent remedies or to allow a worker to receive a combined benefit greater than the maximum for permanent, partial disability authorized by either statute simply because part of his disability was due to coal workers' pneumoconiosis. However, *Mooney, supra*, unlike the instant case, did not involve an award of retraining incentive benefits but one of income benefits for permanent, partial, occupational disability due to coal workers' pneumoconiosis. An issue that remains, therefore, is whether the limitation on concurrent awards of income benefits for occupational disability applies to retraining incentive benefits, which are neither income benefits nor based on a finding of occupational disability. In the instance where a worker has sustained a concurrent permanent and total occupational disability due to an injury or other occupational disease, we believe that it should.

■ Claimant is 100% disabled by virtue of his injury. Therefore, if the ALJ believed that rehabilitation was feasible, claimant would be entitled to rehabilitation benefits because of the injury, pursuant to KRS 342.-710 and KRS 342.715, regardless of his pneumoconiosis. Although the ALJ emphasized claimant's physical limitations and lack of education and noted that employer-financed rehabilitation was improbable, he made no findings or ruling regarding whether rehabilitation of this worker was feasible. Such findings are not required for the award of a retraining incentive benefit.

The purposes of retraining incentive benefits are to encourage coal workers with category 1 pneumoconiosis but with less than a 20% respiratory impairment to learn other occupational skills and, regardless of whether they do, to encourage them to seek employment outside the mining industry. *Eastern Coal Co. v. Blankenship*, Ky., 813 S.W.2d 808 (1991). Where a worker is incapable of rehabilitation due to an injury, the purpose of the award cannot be fulfilled. A statutory scheme that authorized the award of a retraining incentive benefit to an individual who is totally, occupationally disabled due to injury and for whom the ALJ believes rehabilitation is not feasible, would be absurd.

Although a finding of occupational disability is not required by KRS 342.732(1)(a) for the award of a retraining incentive benefit, this benefit, like the income benefit is computed as a function of the worker's average weekly wage and is paid in weekly installments. Furthermore, it is clear that despite the difference in its name, the retraining incentive benefit is not an entirely separate benefit but is part of an ascending scheme of benefits for workers with varying degrees of proved respiratory impairment or disease category and, hence, occupational disability, from none [KRS 342.732(1)(a)], to partial [KRS 342.732(1)(b)], to total [KRS 342.732(1)(c) and (d)]. Under this scheme, a worker's occupational disability is presumed to increase with either his respiratory impairment or disease category, and his compensation, in the form of a retraining incentive benefit [KRS 342.732(1)(a)] or an income benefit [KRS 342.732(1)(b), (c), (d)], increases accordingly. The maximum benefit payable under this scheme, as under KRS 342.730 for occupational injury, is for total, occupational disability. We also note that the legislature has provided that where a worker has been awarded a retraining incentive benefit, and subsequently is awarded greater benefits pursuant to some other section of KRS 342.732, the subsequent award of income benefits is reduced by the amount of retraining incentive benefits which the worker has received. KRS 342.125(2)(b).

■ Because a worker can, in fact, be no more than totally, occupationally disabled and pursuant to our decision in *Mooney, supra,* a worker with combined occupational disabilities from pneumoconiosis and injury which exceed 100% would not be eligible to receive a weekly award greater than that for total occupational disability due either to pneumoconiosis or to injury. See also, Larson, *Workers' Compensation Law,* § 59.41. Accordingly it would be absurd for a statutory scheme under which benefits increase with occupational disability and under which the maximum benefit awarded is that for total, occupational disability, to authorize a combined award of weekly benefits greater than those for total, occupational disability to a worker who is totally, occupationally disabled due to an injury and who is not required to prove that he has sustained any occupational disability whatever due to pneumoconiosis.

We, therefore, hold that claimant may not receive a concurrent income benefit and retraining incentive benefit, pursuant to KRS 342.730(1)(a) and KRS 342.732(1)(a), that exceeds the maximum benefit for permanent, total, occupational disability as set forth in KRS 342.730(1)(a). If the ALJ finds that rehabilitation of this worker is feasible, such benefits may be awarded pursuant to KRS 342.710 and KRS 342.715.

Accordingly, the decision of the Court of Appeals is hereby reversed, and the case is remanded to the ALJ for further proceedings that are consistent with this opinion.

All concur except WINTERSHEIMER, J., who concurs in result only.

COMBS, J., not sitting.