Vicki G. NEWBERG, Acting Director of Special Fund, Appellant,

v.

Pauline DAVIS, Widow of Columbus; Peabody Coal Company; David A. Barber, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–249–WC.

Supreme Court of Kentucky.

Dec. 22, 1993.

Mark C. Webster, Labor Cabinet, Special Fund, Louisville, for appellant.

Jerry P. Rhoads, Rhoads & Rhoads, P.S.C., Madisonville, for appellee Davis.

Peter J. Glauber, William P. Swain, Boehl, Stopher, & Graves, Louisville, for appellee Peabody Coal.

## OPINION OF THE COURT

The issue in this workers' compensation case involves whether an award of continuation of benefits was properly made to Pauline Davis pursuant to KRS 342.730(3). She is the widow of Columbus Davis who was found to be 75% occupationally disabled pursuant to KRS 342.732(1)(b), but died from causes unrelated to his occupational disease before the award was rendered. The Special Fund argues that at the time of the worker's last injurious exposure, KRS 342.730(3) did not authorize the continuation of benefits awarded pursuant to KRS 342.732. KRS 342.-730(3) provided as follows at the time of the last injurious exposure:

> (3) When an employe, who has sustained disability compensable under this section,[1] and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, portions of the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon

---

1. In 1990 this provision was amended substituting the word "chapter" for "section."

the conditions specified in this section and in the order named:

(a) To the widow or widower, if there is no child under the age of eighteen (18) or incapable of self-support, benefits at fifty percent (50%) of the rate specified in the award; or

. . . .

Prior to 1987, income benefits for disability were awarded pursuant to KRS 342.730, and subsection (3) of that statute authorized the continuation of those benefits to certain classes of survivors when the worker died from causes unrelated to the employment. (KRS 342.750 provides for survivors' benefits in work-related deaths.) In 1987, KRS 342.-732 was enacted to address awards for occupational pneumoconiosis. However, the language of KRS 342.730(3) was not amended to authorize the continuation of those awards until 1990.

The pertinent chronological data is as follows:

December 9, 1989—Date of last exposure

July 13, 1990—KRS 342.730(3) was amended substituting the word "chapter" for "section."

October, 1990—Decedent filed claim

February 16, 1991—Davis died from causes unrelated to his occupation, and his widow was substituted as claimant.

April 9, 1991—Widow settled with the employer and reserved right to proceed against the Special Fund.

June 25, 1991—Administrative Law Judge (ALJ) found that decedent suffered category one pneumoconiosis and was entitled to benefits for 75% occupational disability for a period of 425 weeks. KRS 342.732(1)(b).

The ALJ ordered decedent's estate to recover $192.95 per week from the Special Fund from the date of last exposure to the date of death, and the widow to recover 50% of that award or $96.48 per week from the Special Fund for the remainder of the 425 week period following decedent's death.

■ The Board reversed the ALJ as to the starting date of the Special Fund's payment obligation. Based upon *Palmore v.* *Helton,* Ky., 779 S.W.2d 196 (1989), the Board concluded that the Special Fund's liability commenced as of the date the employer's liability is completely satisfied rather than the date of last exposure. Therefore the Board directed that as of the date of settlement, the Special Fund became liable for 100% of the total award for 75% of 425 weeks (318.75 weeks). However, on the settlement date the worker was deceased so that the only potential claim was the 50% widow's share pursuant to KRS 342.730(3). We agree with the Board that in this case the Special Fund's liability commences as of the date the employer's liability is satisfied. However, a portion of the Board's analysis must be clarified regarding the widow's claim under KRS 342.730(3).

The Board affirmed the award of survivors' benefits under KRS 342.730(3) on the grounds that the law in effect on the date claimant became a widow controlled. Therefore, the Board applied the amendment to KRS 342.730(3), which by substituting the word chapter for section, encompassed the KRS 342.732 award and authorized the continuation of those benefits after the worker's death. The Board reasoned as follows:

Ordinarily, the law in effect on the date of injury is controlling. *Maggard v. International Harvester Company,* Ky., 508 S.W.2d 777 (1974). Nevertheless, Davis' claim as a surviving widow did not arise until the death of her husband in February, 1991. The statutory amendment related to survivor's benefits, which was remedial, had already taken effect, and therefore governed Davis' claim as a dependent. *See also, Palmore v. Jones,* Ky., 774 S.W.2d 434 (1989), wherein it was held that dependency, under KRS 342.730(3), must be determined as of the time of the decedent's death, rather than the time of his injury. Also, Cf. *Peabody Coal Company v. Gossett,* Ky., [819] S.W.2d [33], decided November 21, 1991.

The Court of Appeals affirmed the decision of the Board.

We recognize that pursuant to *Palmore v. Jones,* Ky., 774 S.W.2d 434 (1989), the *identity* of the beneficiary is determined at the death of the worker, however *benefits* are

governed by the law in effect on the date of the last exposure. *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777, 783 (1974). The Court in *Jones* adopted a rule regarding the time at which to determine who comprised the classes delineated in KRS 342.730(3) that are entitled to continuation benefits. The benefits are, however, awarded depending upon the worker's occupational disability at the time of the last injurious exposure. Likewise, the law governing those benefits in effect at the time of the last injurious exposure governs any claims filed due to that exposure. See *Wagoner v. Blair Fork Coal Co.,* Ky., 534 S.W.2d 250, 251 (1976); *Trimble v. United Fuel Gas Company,* Ky., 481 S.W.2d 658 (1972); *Yocom v. Dotson,* Ky.App., 607 S.W.2d 121 (1980).

■ However, we do agree with the Board's statement that because the amendment is remedial, it governed this widow's claim. This is not because the law in effect at the time of the worker's death governs, but because the claim was still pending when the amendment became effective. We are unaware of any previous decision which has specifically addressed whether the amendment to KRS 342.730(3) applied to claims pending as of the effective date. In *Stephens v. Denario,* Ky., 833 S.W.2d 383 (1992), we recognized the mutually exclusive language of the pre–1990 version of KRS 342.730(3) and KRS 342.732; however, that case turned upon the fact that regardless of the amendment substituting the word "chapter" for "section," KRS 342.730(3) provides for the continuation of income benefits and not retraining incentive benefits.

The purpose of the 1990 amendment to KRS 342.730(3) was clearly remedial. See *Peabody Coal v. Gossett,* Ky., 819 S.W.2d 33 (1991). When KRS 342.732 was enacted in 1987, the wording of KRS 342.730(3) was not amended accordingly. This meant that because KRS 342.730(3) was limited in application to disability compensable under that section, awards rendered pursuant to KRS 342.-732 could not be continued when the worker died from causes unrelated to his employment. There is no rational basis for the legislature to have intentionally treated beneficiaries under these two statutes differently.

This anomaly was remedied by the 1990 amendment. Therefore, any claim filed pursuant to KRS 342.730(3) and pending as of the effective date of the amendment is governed by the amended version.

The decision of the Court of Appeals is affirmed.

All concur.

STUMBO, J., not sitting.