**James G. THORNSBURY, Appellant,**

v.

**AERO ENERGY and Workers' Compensation Board, Appellees.**

No. 95–SC–173–WC.

Supreme Court of Kentucky.

Sept. 21, 1995.

Rehearing Denied Nov. 22, 1995.

David Allen Barber, Stumbo, Bowling & Barber, P.S.C., Prestonsburg, Ralph Roland Case, Friend and Case, Pikeville, John W. Kirk, Kirk Law Offices, Inez, for appellant.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellee Aero Energy.

## OPINION OF THE COURT

This case comes before us on appeal of an opinion of the Court of Appeals which states as follows:

"BEFORE: EMBERTON, MILLER AND SCHRODER, JUDGES.

"SCHRODER, JUDGE: James G. Thornsbury (Thornsbury) petitions for a review of a decision of the Workers' Compensation Board (Board), reversing the decision of the Administrative Law Judge (ALJ), who awarded Thornsbury retraining incentive benefits (RIB) consistent with the pre–1994 version of KRS 342.732(1)(a). The issue to be determined is whether KRS 342.732(1)(a), as amended by the Kentucky Legislature effective April 4, 1994, is to be applied retroactively. We believe that it is and therefore affirm the Board's decision.

"Thornsbury is a working miner who filed a RIB claim on September 2, 1993. The law in effect at the time Thornsbury filed this claim permitted him to recover a one time only benefit for 208 weeks, assuming the ALJ made the finding of category one coal workers' pneumoconiosis without respiratory impairment. That version of the law also provided that the benefits be paid directly to the miner.

"In 1994, the legislature amended KRS 342.732(1)(a) such that a RIB will only be directly payable to the employee if he is no longer working in the mining industry. If the employee continues as a coal miner *and* is actively enrolled and participating in a bona fide, approved training or education program, the benefits are to paid directly to that institution. The amended statute further specifies that the benefits will cease for any period in which the employee no longer participates in the program. Under no circumstances are the benefits to be paid to the employee while he is working in the mining industry. The amendment became effective April 4, 1994, about seven months after Thornsbury filed his claim.

"While Thornsbury cites us to KRS 446.080(3), which states that '[n]o statute shall be construed to be retroactive, unless

expressly so declared,' we are also aware that 'when an amendment is remedial, it does not come within the legal conception of a retrospective law nor the general rule against the retrospective operation of statutes.' *Bowling v. Special Fund*, Ky., 878 S.W.2d 22, 23 (1994), quoting *Peabody Coal Co. v. Gossett*, Ky. 819 S.W.2d 33, 36 (1991). '[A] remedial statute must be so construed as to make it effect the evident purpose for which it was enacted, so that if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied....' *Id.*; 73 Am Jur.2d Statutes § 354 (1974). If the purpose of the amendment to KRS 342.732(1)(a) is remedial, and Thornsbury's claim was still pending at the time the amendment became effective, the new version of the statute applies. *Newberg v. Davis*, Ky., 867 S.W.2d 193 (1993).

"We have several cases in which statutes have been found remedial and were retroactively applied. In *Gossett, supra*, the Court held that KRS 342.125, which had been amended to allow reopenings not only upon a change of physical condition, but also upon a showing of a change in occupational disability, was remedial and therefore retroactive. The new statute no longer encouraged employers to place seriously injured workers on light duty and then fire them once the awards became final. In *Napier v. Scotia Coal Co.*, Ky., 874 S.W.2d 377 (1993), the Court held that the 1988 amendment to KRS 342.320(6)(b), allowing an attorney fee upon a successful reopening, was remedial because it encouraged lawyers to reopen claims, thus better enabling injured workers to exercise their rights. On the other hand, the 1990 amendment to that statute, which removed the cap on attorney's fees in reopening proceedings, was not deemed remedial. *Mitee Enterprises v. Yates*, Ky., 865 S.W.2d 654 (1993) holds that the amendment to KRS 342.020, requiring employers to contest medical bills within 30 days of their receipt, was remedial since it furthered the goal of resolving claims promptly. Therefore, it was held applicable to all medical expenses received after October 26, 1987, the day the amendment became effective. Lastly, in both *Davis, supra* and *Bowling, supra*, the Court ruled that the 1990 amendment to KRS

342.730(3), allowing a continuation of benefits based on compensable disability sustained under 'chapter' 342 (as opposed to 'section' 342.730), was remedial and governed claims still pending when the amendment became effective. The purpose behind the change was to correct an ambiguity.

"In determining the purpose of the amendment to KRS 342.732(1)(a), we are reminded of the Supreme Court's commentary in *Eastern Coal Corp. v. Blankenship*, Ky., 813 S.W.2d 808 (1991):

> [D]espite the apparent goal that these benefits serve as an incentive for retraining, we find no indication that the legislature intended to require their use for that purpose.
>
> We note the apparent contradiction of purpose in a statutory scheme which, on the one hand, awards benefits to encourage workers with Category 1 coal workers' pneumoconiosis and no respiratory impairment to retrain in preparation for seeking employment outside the mining industry, but which, in fact, not only fails to require that those benefits be used for retraining, but also penalizes a mine operator who refuses to hire such a worker. Such a scheme is incomprehensible to this Court. If the legislature truly intends to encourage these workers to seek other employment, we would urge them to enact legislation that will more effectively accomplish that purpose.

*Id.* at 810.

We believe it plain that the Legislature intended to reform the statute to live up to its name and actually provide retraining incentive benefits. There can be no question that prior to the amendment, the 208–week award rarely, if ever, served as an incentive to retrain coal workers. We have no doubt that the ALJ's reference to 'bass boat benefits' and 'pick-up truck benefits' is *no* exaggeration. Further proof lies in the statistics provided by the Board, namely, that 855 RIB claims were filed in March 1994 alone, as compared to 948 RIB claims filed in all of 1991.

"We conclude that the purpose was to remedy the abuse of the statute as it had been

written. Since the reason for the amendment extends to past transactions, it must be applied to any claims pending as of April 4, 1994, even though filed before. We find no support for appellant's contention that a remedial statute can only be applied retroactively if it remedies a claimant, as opposed to an employer. Even if we bought this argument, it can certainly be argued that the revised statute does benefit the worker inasmuch as it comes closer, than the prior version, to improving the plight of the pneumoconiotic coal miner, who is otherwise unskilled and unable to climb out of a dangerous profession. Our holding comports with KRS 446.080(1) that '[a]ll statutes of this state are to be liberally construed with a view to promote their objects and carry out the intent of the legislature ...'

"Accordingly, the Board's opinion, remanding the claim to the ALJ for entry of an award in conformity with KRS 342.732(1)(a), as amended April 4, 1994, is affirmed.

"ALL CONCUR."

 As noted by the Court of Appeals, in *Eastern Coal Corp. v. Blankenship, supra,* we observed that the apparent purpose of the retraining incentive benefit was to encourage coal workers who had contracted category 1 pneumoconiosis but who as yet had experienced no significant respiratory impairment to seek employment outside the mining industry. We also observed that the remedy provided by KRS 342.732(1)(a) at that time was a less than effective means for accomplishing that purpose. Therefore, we urged the enactment of legislation that would provide a remedy more nearly tailored to accomplishing the objective of the benefit.

Legislation that operates in furtherance of a remedy, commonly described as "remedial" legislation, is not normally considered to be retrospective when it is applied to transactions which occurred before it was enacted and is to be construed in a manner that will effectuate its purpose. *See Peabody Coal Company v. Gossett,* Ky., 819 S.W.2d 33, 36 (1991). We agree with the Court of Appeals and the Workers' Compensation Board that the purpose of the 1994 amendment to KRS 342.732(1)(a) was to provide a remedy that would more effectively accomplish the pur-

pose of the provision. Therefore, the amendment is properly classified as remedial legislation and applies to all claims pending on or after its effective date.

The decision of the Court of Appeals is hereby affirmed.

STEPHENS, C.J., and FUQUA, LAMBERT, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., concur.

LEIBSON, J., not sitting.