Johnnie Turner, Ronald C. Cox, Buttermore, Turner, & Boggs P.S.C., Harlan, for Appellee Halcomb.

Angeline B. Golden, Labor Cabinet, Special Fund, Louisville, for Appellee Special Fund.

**ARCH OF KENTUCKY, INC., Appellant,**

v.

**William HALCOMB; Special Fund; George S. Schuhmann, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 95–SC–1029–WC.**

Supreme Court of Kentucky.

July 25, 1996.

OPINION OF THE COURT

Claimant, who was employed in the defendant's coal mine for approximately 16 years, injured his back at work. In an opinion and award entered May 5, 1992, an Administrative Law Judge (ALJ) determined that claimant was totally, occupationally disabled, with 30% of the disability being attributed to the back injury, and 70% being attributed to prior, active physical and psychological disability. Neither of the prior, active conditions was subject to a workers' compensation

claim. Pursuant to *Teledyne–Wirz v. Will-hite*, Ky.App., 710 S.W.2d 858 (1986), claimant was awarded 30% of a permanent, total disability benefit, payable for life. KRS 342.730(1)(a).

Subsequent to filing the injury claim, a claim for retraining incentive benefits (RIB) also was filed. It was stipulated that claimant's date of last exposure was July 24, 1990. The employer argued that since claimant was totally disabled as a result of the back injury, he was not entitled to receive a RIB.

In an opinion and award entered on May 19, 1994, the ALJ noted that, although claimant was totally disabled, he had been awarded benefits only for 30% of the disability. The ALJ also noted that in *Eastern Coal Corporation v. Blankenship*, Ky., 813 S.W.2d 808 (1991), the Court had determined that the Act did not require that a RIB be used for retraining. However, in 1994, the legislature amended KRS 342.732(1)(a) in a manner which distinguished workers who continued to work in the mining industry from those who did not. Workers no longer employed in the mining industry continued to be permitted to receive the benefit without using it for retraining. Only those who continued to work in the industry were required by the amendment to use a RIB for retraining. The ALJ noted that, in *McCoy Elkhorn Coal Corporation v. Sullivan*, Ky., 862 S.W.2d 891 (1993), although the Court had discussed various policy considerations, the holding was only that a worker could not receive a RIB in addition to a total disability benefit. Furthermore, the ALJ did not believe that *Sullivan* negated the principle that an injured worker is entitled to be compensated for the injury even though a nonwork-related health condition contributed to the worker's inability to work. Therefore, the ALJ concluded that claimant was entitled to receive both awards so long as the combined dollar amount did not exceed the maximum award for total disability.

A majority of the Workers' Compensation Board (Board) affirmed the ALJ's decision, emphasizing that the holding in *Sullivan* concerned only the dollar amount of the combined awards. The Board explained that, in *Sullivan*, the Court had acknowledged that a worker's total disability, in and of itself, did not in every instance render retraining the worker an absurdity. *See* KRS 342.710 and KRS 342.715. The majority concluded that the 1994 amendment to KRS 342.732(1)(a) indicated a legislative intent that retraining not be required for coal workers who no longer were employed in the mining industry.

The dissent focused on language in *Sullivan* which addressed the absurdity of permitting a worker who was totally disabled by an injury and incapable of rehabilitation to receive a RIB in addition to the benefit for total disability. Furthermore, the dissent construed the 1994 amendment to KRS 342.732(1)(a) as reinforcing the principle that the purpose of the RIB was to retrain workers. Therefore, the dissent concluded that the award of a RIB was not permitted on these facts.

The Court of Appeals affirmed the Board, and the employer appeals. The issue presented by this appeal concerns whether *Sullivan* stands only for the proposition that a worker may not receive combined weekly benefits in excess of the statutory maximum for total disability or whether it stands for the broader proposition that a permanently and totally disabled worker is ineligible for a RIB.

In *Sullivan*, the worker was awarded a permanent, total disability for an injury and also was awarded a RIB. There was no prior, active disability to be excluded. The Court's decision that the worker was not entitled to receive a RIB in addition to the benefit for permanent, total disability rested on two lines of reasoning, one based on the purpose of the RIB benefit and the other on the maximum statutory benefit for total disability. Relying on *Blankenship*, which had concerned only whether a RIB must be used for retraining, the Court noted that the purpose of the RIB was to encourage workers with early stage pneumoconiosis to obtain employment outside the mining industry by providing an incentive for them to retrain. Therefore, it would be absurd to award a RIB to a worker who was no longer employed in the mining industry due to an injury, who was receiving benefits for total

disability, and who was incapable of rehabilitation. Furthermore, recognizing that some totally disabled workers are able to reduce the extent of their occupational disability through rehabilitation, the Court noted that, in the event rehabilitation were feasible, the worker would be entitled to rehabilitation services, regardless of whether he received the RIB award. KRS 342.710. Furthermore, since the worker was totally disabled, he also would be entitled to receive enhanced income benefits during the period of rehabilitation. KRS 342.715.

With regard to the second line of reasoning which supported the decision in *Sullivan*, the Court noted that RIB benefits were the lowest level of benefits available under KRS 342.732 and did not require a showing of occupational disability. Furthermore, since a worker could be no more than totally disabled, workers were not entitled to receive combined benefits for occupational disability pursuant to KRS 342.730 and KRS 342.732 which exceeded the statutory maximum for total disability under either section. *See Matney v. Newberg*, Ky., 849 S.W.2d 526 (1992); *Mooney v. Pittsburg & Midway Coal Co.*, Ky., 849 S.W.2d 527 (1993). Therefore, the Court concluded that it would be absurd to permit a worker to receive concurrent income and RIB benefits which exceeded the maximum benefit for total disability.

As enacted in 1987, KRS 342.732(1)(a) provided that a RIB was available to those coal workers who produced the requisite evidence of category 1 disease. It explicitly provided that the benefit was payable semimonthly to a worker who continued to work in the mining industry or, by agreement of the parties, it was payable in a lump sum to a worker who left the hazardous employment. In *Blankenship*, the Court determined that the purpose of the benefit was to encourage coal workers with early stage pneumoconiosis to seek employment outside the mining industry. 813 S.W.2d at 810. Retraining for other employment or the payment of a lump sum provided affected workers with the means to do so. However, the Court observed that the legislative scheme surrounding the RIB worked at cross-purposes, with the result that there was no indication the

legislature intended to require that the benefit be used for retraining, even in the case of a working miner. Therefore, the Court urged the legislature to enact legislation which would more effectively accomplish the purpose of the benefit. *Id.*

In 1994, KRS 342.732(1)(a) was amended to provide that a RIB is payable directly to a worker only in those instances where the worker no longer is employed in the mining industry. Where the worker continues to be employed in the mining industry, the benefit is payable only during those periods in which the worker is enrolled and actively participating in a bona fide training or education program, in which case the benefit is payable directly to the institution.

As set forth in KRS 342.732(1)(a) and as explained in the decisions of this Court, it is apparent that the RIB is a benefit of very limited scope and purpose. Although a RIB is compensation, it is not based upon a finding of functional impairment or occupational disability. It is not a form of income benefit, and it is not subject to continuation to survivors. *Sullivan; Stephens v. Denairo Mining Co.*, Ky., 833 S.W.2d 383 (1992). The ALJ was correct in observing that injured workers are entitled to be compensated for their injury even though a nonwork-related health condition contributes to their inability to work. However, that principle presupposes that the injury is one of appreciable proportion and that the worker has sustained an occupational disability. Such is not the case with a RIB. Had claimant sustained a functional impairment and, therefore, an occupational disability due to pneumoconiosis, there is no question that he would have been entitled to combine the two awards and receive benefits to the extent of his compensable disability. However, unlike an income benefit, a RIB is not awarded to compensate the worker for occupational disability, nor is its purpose to compensate the worker for lost income.

■ It is clear that KRS 342.732(1)(a) has never required retraining of those RIB recipients who leave the mining industry. Furthermore, we agree with the Court of Appeals that a worker's ability to be rehabilitated is not dispositive of his entitlement to

a RIB. However, the decisions below viewed the primary purpose of KRS 342.732(1)(a) as providing funds for retraining and viewed the 1994 amendment to KRS 342.732(1)(a) as indicating a legislative intent not to require retraining of those who no longer were employed in the mining industry. They also appeared to view the RIB as compensating an affected worker for having contracted pneumoconiosis. We view KRS 342.732(1)(a) and the 1994 amendment from a slightly different angle.

In *Thornsbury v. Aero Energy,* Ky., 908 S.W.2d 109 (1995), we determined that the purpose of the amendment was to provide a remedy that would be more effective in accomplishing the purpose of the KRS 342.732(1)(a). As this Court has stated repeatedly, the primary purpose of KRS 342.732(1)(a) is to provide an inducement to encourage affected workers to seek employment outside the mining industry. The remedy by which the purpose is accomplished is the payment of a monetary incentive which provides affected workers with the means to do so. Pursuant to the 1994 amendment, workers who leave the industry may receive the benefit directly; those who do not may partake of the benefit only to the extent that they participate in a retraining program. Since the benefit is not available to affected workers who continue to work in the mining industry but do not participate in retraining, we find no indication of a legislative intent to compensate affected workers simply because they have contracted the disease. Likewise, since the benefit remains available to affected workers who leave the mining industry, regardless of whether they retrain, it is apparent that the ultimate legislative purpose was not retraining but providing affected workers with the means to leave the mining industry and to seek employment elsewhere. Like the worker in *Sullivan,* claimant is totally disabled due to his injury and for that reason is no longer working in the mining industry. Under those circumstances, to award him a benefit, the purpose of which is to encourage him to leave the mining industry, would be absurd.

*Sullivan* emphasized that a RIB is not based on a finding of occupational disability and held that the worker was not entitled to receive combined RIB and income benefits for an injury which exceeded the maximum benefit for permanent, total disability set forth in KRS 342.730(1)(a). The maximum benefit which a worker may receive for total, occupational disability is a function of the worker's average weekly wage and extent to which the disability is compensable. In *Sullivan,* the worker's entire disability was compensable, so he was entitled to receive the maximum benefit permitted by his average weekly wage, regardless of whether he received a RIB. Here, claimant was determined to be totally, occupationally disabled, but only 30% of the disability was caused by the subject injury. Therefore the award was computed as 30% of a permanent, total disability pursuant to the decision in *Teledyne.* Like the worker in *Sullivan,* claimant was awarded the maximum benefit set forth in KRS 342.730 to which he was entitled.

There is no indication that rehabilitation would be feasible in this case. Furthermore, the parties were aware of the decision in *Sullivan* at the time of the ALJ's decision, and there was no request for rehabilitation benefits pursuant to KRS 342.710 and KRS 342.715. Under those circumstances, the question of whether claimant would be entitled to benefits for retraining under those sections of the Act is not before the Court.

The decision of the Court of Appeals is hereby reversed and the case is remanded to an ALJ for further proceedings which are consistent with this opinion.

All concur.