Clair **BREEDING**, Appellant,

v.

**COLONIAL COAL COMPANY; Richard H. Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 98–SC–67–WC.

Supreme Court of Kentucky.

July 23, 1998.

Rehearing Denied Oct. 15, 1998.

Dennis James Keenan, III, Anderson, Hinkle, Keenan, and Childers, P.S.C., South Williamson, for Appellant.

Hon. Kimberly Sue May–Downey, Penelope Justice Turner, Robinette and Associates, Attorneys at Law, P.S.C., Pikeville, for Appellee Colonial Coal Co.

## OPINION OF THE COURT

After suffering a heart attack, claimant chose to retire from coal mining in December, 1991. By virtue of his age, he was eligible for and began collecting social security retirement benefits. On December 18, 1995, he filed a claim for a retraining incentive benefit (RIB). The Administrative Law Judge (ALJ) was persuaded that claimant suffered from category 1 pneumoconiosis. The ALJ noted that the record would not support a finding that claimant's heart attack rendered him incapable of vocational rehabilitation; however, since claimant was no longer employed, an award would not serve as an inducement for him to leave the mining industry. See *Arch of Kentucky, Inc. v. Halcomb,* Ky., 925 S.W.2d 460 (1996). Therefore, the claim was dismissed. Claimant appealed.[1]

The Workers' Compensation Board (Board) determined that *Halcomb* did not apply to these facts since claimant had voluntarily retired, and there was no evidence that he was totally disabled by his heart condition. The Board explained that *Halcomb* established only that a worker who was totally disabled was not eligible for a RIB. It did not require a finding concerning whether the benefit induced the worker to seek employment outside the mining industry. Accordingly, the Board reversed the decision and remanded the claim for the entry of a RIB award.

The employer appealed to the Court of Appeals, arguing that the Board's interpreta-

---

1. Effective December 12, 1996, during the pendency of claimant's appeal to the Board, KRS 342.732(1)(a) was amended in order to provide that a RIB is payable only while the affected worker is actively and successfully participating as a full-time student, taking twenty-four (24) or more instructional hours per week, in a bona fide training or educational program. In no event are benefits payable if the worker is employed in the mining industry in the severance and processing of coal. *Acts,* 1996 1st Ex.Sess., Ch. 1, § 33. The employer did not argue to the Board that the 1996 amendment applied to this claim.

tion of *Halcomb* was incorrect and that the claim was properly dismissed. Although the Court of Appeals reversed the decision of the Board and reinstated the ALJ's dismissal of the claim, it did not address the arguments raised by the employer in its petition for review. Instead, the decision was based upon the court's determination that the 1996 amendment to KRS 342.732(1)(a) was remedial and applied to all claims pending on or after its effective date. In explaining the rationale for its determination, the court noted that the restrictions imposed by the 1994 amendment to the statute had been found to be remedial and had been applied to all claims pending on or after its effective date. See *Thornsbury v. Aero Energy*, Ky., 908 S.W.2d 109 (1995). The Court of Appeals reasoned that since the 1996 amendment imposed further restrictions on the receipt of a RIB, the 1996 amendment also was remedial and should be applied to all claims pending on or after its effective date, including the present claim.

Claimant appeals, arguing that a question concerning the applicability of the 1996 amendment to KRS 342.732(1)(a) was never raised by the employer and that the matter was not preserved for review by the Court of Appeals. Claimant also argues that the legislature explicitly indicated its intent to limit application of the 1996 amendment to claims involving a "last exposure to the hazards of an occupational disease occurring on or after December 12, 1996," that KRS 342.732 is not among those provisions of the 1996 Act which the legislature designated as remedial, and that the amendment is not remedial. KRS 342.0015. Finally, claimant argues that the Board was correct in distinguishing *Halcomb* from the instant case and in remanding the claim for the entry of an award.

The employer concedes that the question of whether the 1996 amendment was remedial and, therefore, applicable to claims which arose before its effective date was not raised in its brief to the Court of Appeals. However, it argues that the 1996 amendment is remedial and cites this Court's decisions in

Smith v. Dixie Fuel Co., Ky., 900 S.W.2d 609 (1995), and *Wheatley v. Bryant Auto Service*, Ky., 860 S.W.2d 767 (1993), as authority for the proposition that the claim should be remanded, reopened, and the decision corrected in order to conform to the Court of Appeals' conclusion in that regard. The employer also argues that the Board erred in distinguishing the present case from *Halcomb*.

 It is well settled that the law on the date of filing a claim for RIB controls the applicant's entitlement to the benefit and, therefore, is the law under which the ALJ must reach a decision on the claim. *Arch of Kentucky, Inc. v. Thomas*, Ky., 895 S.W.2d 578 (1995). However, that general rule is subject to the exception that those amendments to the law which are remedial in nature and which become effective during the pendency of the claim may be applied to the claim. See *Thornsbury v. Aero Energy*. After a claim has been decided, KRS 342.285 permits an aggrieved party to appeal the decision to the Board, at which time the Board is authorized to review the decision and to determine whether or not it conforms to the applicable provisions of Chapter 342. Obviously, even remedial changes in the law which do not become effective until after an ALJ has reached a decision on a claim could not be a proper basis for determining that the decision was erroneous.[2] Therefore, regardless of whether the 1996 amendment is remedial, it does not apply to this claim since the claim had already been decided and was no longer pending on the effective date of the amendment.

 Any party who seeks to appeal a decision of the Board to the court system must have preserved an assertion of error by having raised it first to the Board. *Smith v. Dixie Fuel Co.; Eaton Axle Corporation v. Nally*, Ky., 688 S.W.2d 334 (1985). Here, no party asserted that the 1996 amendment to KRS 342.732(1)(a) was remedial or that it applied to this claim. Furthermore, since the amendment was not yet effective either at the time the claim was filed or at the time

2. Unlike the instant case, the award in *Wheatley v. Bryant*, upon which the employer relies, was erroneous under the law in effect on the date of

injury. The ALJ reopened and corrected the award since it was contrary to Chapter 342 from the outset.

it was decided, there was no overriding concern that the Board's decision would result in an award which was not authorized by the provisions of Chapter 342. We, therefore, conclude that questions relative to the 1996 amendment were not properly before the Court of Appeals and should not have been addressed.

In *Halcomb* we determined that it would be absurd for a worker who was not working due to a totally disabling injury for which he was being compensated to receive a RIB in addition to the maximum benefit authorized by statute. We recognized that a RIB is not the only rehabilitation benefit which is available to an injured worker who desires vocational rehabilitation. However, since the worker had not requested rehabilitation benefits as authorized by KRS 342.710 and KRS 342.715, the question of whether he would have been entitled to retraining for other employment under those sections of the Act was not before us.

■ There are significant differences between *Halcomb* and the present case, and we are not persuaded that *Halcomb* controls these facts. Here, there is no indication that claimant's heart attack was work-related, that he was totally disabled, or that he was receiving any workers' compensation benefits due to the heart condition or any other condition. Therefore, unlike the situation in *Halcomb*, there is no question concerning whether claimant might receive combined benefits greater than the total to which he was entitled by the Act. Although the ALJ determined that claimant was not incapable of vocational rehabilitation, there is no indication that he was eligible for any other form of rehabilitation benefit.

The 1994 version of KRS 342.732(1)(a) does not restrict the use of a RIB by a worker who is no longer employed in the mining industry, does not require that such a worker be capable of vocational rehabilitation, and does not require a finding that the benefit actually served as an inducement for that particular worker to leave the mining industry. As construed by this Court, it does require that the worker not be totally disabled due to injury and not be receiving the maximum statutory workers' compensa-

tion benefit, neither of which applies in this case. See *Halcomb*, 925 S.W.2d at 462–63. In *Halcomb*, we reiterated our longstanding conclusion that the purpose of the RIB was to encourage coal workers who were diagnosed with category 1 pneumoconiosis to leave their employment in the mining industry before they became disabled. *Id.*

Claimant's age and the fact that he is receiving old age social security benefits are not material to the issue at hand. It has long been established that a worker's occupational life coincides with his physical life. *Stovall v. Williams*, Ky.App., 675 S.W.2d 6 (1984). The Act does not terminate a worker's eligibility for a RIB at a particular age or upon the receipt of old age social security benefits. Furthermore, it is not absurd to conclude that the potential of receiving a RIB would encourage an elderly worker to leave the mining industry and to retire before he became disabled by pneumoconiosis. See *Thornsbury*, 908 S.W.2d at 112.

The decision of the Court of Appeals is hereby reversed, and the decision of the Board to remand the claim to an ALJ for the entry of an award is reinstated.

All concur.