**ZIELINSKI CONSTRUCTION COMPANY, Appellant,**

v.

**Stephen BURDEN; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–SC–0845–WC.

Supreme Court of Kentucky.

Sept. 27, 2001.

John C. Morton, Samuel J. Bach, Morton & Bach, Henderson, Counsel for Appellant.

Ronald K. Bruce, Greenville, Counsel for Appellee Burden.

## OPINION OF THE COURT

This workers' compensation appeal concerns a retraining incentive benefit (RIB) claim in which the last exposure occurred before December 12, 1996, but in which the claim was filed after that date. At issue is whether the filing date controls the worker's entitlement to the benefit. We conclude that it does not.

The claimant received his last injurious exposure to coal dust on July 5, 1996, but his RIB claim was not filed until July 30, 1998. As a result, a question arose concerning the extent to which the claim was governed by the December 12, 1996, amendments to Chapter 342. In 1994, the benefit was not payable directly to a worker who was employed in the severance and processing of coal; whereas, the 1996 Act required evidence of both a specified respiratory impairment and full-time participation in an approved training or education program. Although the claimant produced evidence of category 1 disease, his pulmonary function was normal, and although he was no longer employed in the severance or processing of coal, he was not engaged in retraining.

The Administrative Law Judge (ALJ) refused to apply the amended version of KRS 342.732(1)(a) and awarded a RIB under the 1994 version of the statute. Appealing, the employer has asserted, unsuccessfully, that the filing date controls the applicable version of KRS 342.732(1)(a), that the 1996 version applies, and that the claim should have been dismissed because the evidence does not comply with that version. We disagree.

KRS 446.080(3) provides that, "no statute shall be construed to be retroactive, unless expressly so declared." When amending the Act in 1996, the legislature designated the amendments to certain sections of Chapter 342 as being "remedial."

KRS 342.0015. KRS 342 .732(1)(a) is not among the group so designated.

Unlike the 1994 amendment to KRS 342.732(1)(a) that was at issue in *Thornsbury v. Aero Energy,* Ky., 908 S.W.2d 109 (1995), the 1996 amendment changed the medical criteria for awarding a RIB in addition to changing the remedy, itself. We determined that the amendment that was at issue in *Thornsbury* was remedial because it adopted a remedy that would more effectively accomplish the purpose of the RIB. *Id.* at 112. *Thornsbury* is not persuasive authority for the proposition that the 1996 amendment to KRS 342.732(1)(a) was remedial.

In asserting that the date of filing controls the applicable version of KRS 342.732(1)(a), the employer relies upon *Breeding v. Colonial Coal Co.,* Ky., 975 S.W.2d 914, 916 (1998) (citing *Arch of Kentucky, Inc. v. Thomas,* Ky., 895 S.W.2d 578 (1995)), wherein we stated as follows:

> It is well settled that the law on the date of filing a claim for RIB controls the applicant's entitlement to the benefit and, therefore, is the law under which the ALJ must reach a decision on the claim.

As first noted by Board Member Lovan in his concurring opinion at the Board level, the seminal case of *Arch of Kentucky v. Thomas, supra,* involved a RIB claim by a "working miner." Since the worker was still engaged in mining coal, there was no date of last injurious exposure; thus, the date of filing was held to be the effective date for determining his entitlement to a RIB award. Here, the claimant did not file his RIB claim until after he quit mining coal; thus, there is no need to apply the holding in *Arch of Kentucky* because the date of his last injurious exposure controls. Our intervening decisions in *Thornsbury v. Aero Energy, supra; Breeding v. Colonial Coal Co., supra;* and

*Magic Coal Co. v. Fox,* Ky., 19 S.W.3d 88 (2000), are not inconsistent with this distinction. *See also, Martin Co. Coal Co. v. Preece,* Ky.App., 924 S.W.2d 840 (1996). Specifically, in *Breeding* the RIB claim was filed in 1995, and the employer was claiming that the 1996 amendments were remedial and should be applied retroactively to a pending claim. The quoted language from *Breeding* was dicta. The holding in *Breeding* was that the 1996 amendment of KRS 342.732(1)(a) did not apply because the amendment did not occur until after Breeding's claim had been decided by the ALJ. *Id.* at 916. (*Breeding* did not address whether the 1996 version of the statute was remedial.) The holding in *Arch of Kentucky* applies only where a RIB payment is claimed by a "working miner." Since the 1996 version of KRS 342.732(1)(a) precludes a RIB claim by a "working miner," *Arch of Kentucky* simply has no present application.

The decision of the Court of Appeals is affirmed.

All concur.